STATE v. KNOTTS.

1. NEW TRIAL.—There being evidence here tending to show that the obstructed road was a neighborhood road, refusal of new trial was not error of law.

2. SENTENCE—CIRCUIT JUDGE.—A succeeding Circuit Judge, presiding at a succeeding term of Court, may pass sentence on a defendant convicted by a jury at a previous term of the Court, which was adjourned without passing sentence.

Before GARY, J., Lexington, February term, 1904, and WATTS, J., June term, 1904. Affirmed.

Indictment against D. J. Knotts. From sentence, defendant appeals.

*Messrs. Efird & Dreher,* for appellant, cite: 11 S. C., 367; 39 S. C., 25; 28 Col., 466; 33 Mich., 296; 96 N. Y., 188; 5 Blatchf., 18; 20 Wis., 61; 4 Post., 107; 85 N. Y., 373; Arch. Cr. P. and P., 670; 4 Shars. Black., 270.

*Assistant Attorney General Townsend,* contra (oral argument).

February 4, 1905. The opinion of the Court was delivered by

MR. JUSTICE GARY. The appellant was indicted for obstructing a neighborhood road at the February term of the Court of General Sessions for Lexington County. The jury returned a verdict of guilty. A motion for a new trial was made and refused in open court. The Court of General Sessions for February term adjourned *sine die* without passing sentence upon the appellant. At the June term of Court for Lexington County—a different Judge presiding— the solicitor moved the Court to sentence the appellant on the verdict rendered at the previous term of the Court. Sentence was pronounced over the appellant's objection. The appeal raises two questions:

1. Was there error on the part of his Honor, the presiding Judge, at the February term of the Court, in refusing the motion for a new trial on the ground that the evidence did not tend to show that the road obstructed was a public highway or neighborhood road used by the public for public purposes adversely for twenty years?

2. Did the presiding Judge, at the June term of the Court, have jurisdiction to sentence the appellant?

We will first consider the assignment of error numbered 1. Fred Hoffman, a witness for the State, testified as follows: "Q. What is that road used for? A. Market and church, like any other settlement road. Q. How long have you lived in that section of the county? A. I have lived where I do now thirty-two years. Q. What about that road when you first went there? A. It was a sort of road then not used very much. Q. How long after that was it established as a road? A. Few years after that, two to three, and has been a road ever since. Q. State whether the public constantly used it ever since? A. Certainly, ever since it has been constantly used. Q. How long has the public used that road? A. As a general thing, been used by the public at least twenty-eight years. Q. As a general thing, what do you mean by that? A. Was another road that was used there, and when people went to church—was a church below my house—then there was churches above. Q. What church was that below your house? A. Mount Nebo, and was a little below my house, too. Q. I want to ask you whether that road has been obstructed within that twenty-eight years until it was obstructed by the defendant, Col. Knotts, last year? A. No, sir; except one time I found a gate nailed up on it. Q. What did you do? A. I broke it open. Q. Do you know who nailed that gate up? A. No, sir; it was in the night time I found it nailed up. Q. Through whose land on this road? A. The gate was about the land line between Knotts and myself."

It is unnecessary to reproduce other testimony, as the fore-

going is alone sufficient to show that the Circuit Judge did not err in refusing the motion for a new trial.

We will next consider the assignment of error, numbered 2. In 19 Enc. Pl. & Pr., 434, the principle is thus stated: "A Judge who did not try the case, if legally presiding, has jurisdiction to pronounce sentence. There is no constitutional principle which requires that judgment on conviction must be pronounced by the same Judge before whom the trial was had, and sentence may, therefore, be rendered by a Court differently constituted from the one in which the prisoner was tried. The successor of a trial Judge, therefore, has power to pass sentence upon a prisoner convicted before, but not sentenced by, his predecessor in office. The power should be limited, however, to supplying the omissions of such predecessor."

In *Ex parte Williams,* 26 Fla., 310, the Court uses this language: "As to the authority of the Judge who did not preside in the trial, but was afterwards Judge of the Court, in which the case was still pending, we are of the opinion that there is no law which prevents him from passing such sentence as the nature of the case demands. If, because he did not hear the case on trial, he cannot pronounce sentence, it would be a case in which there can be no infliction of penalty notwithstanding the conviction. It would seem that such a result is of itself sufficient to show the fallacy of the position that another Judge who presides in the Court after the trial, cannot pass a sentence appropriate to the offense. While he may not be as well informed of the circumstances of the case as the trial Judge, there will be sources of information open to him."

The foregoing authorities are in accord with our cases of *State* v. *Hord,* 8 S. C., 86; *State* v. *Trezevant,* 20 S. C., 364; *State* v. *Jeffcoat,* 20 S. C., 387, and *State* v. *Aultman,* 23 S. C., 601.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.