(90 South. 40)

**SNYDER v. STATE.   (7 Div. 717.)**

(Court of Appeals of Alabama.   June 14, 1921.)

**1. Criminal law ⟨⟩977(3)—Power to sentence on mandate after appeal not lost by continuance.**

The power of the circuit court to impose a sentence on one convicted of violating the prohibition laws, on mandate after appeal affirming the conviction, but remanding the cause for proper sentence, is not lost by the expiration of two terms after the mandate is received without the imposition of any sentence, where a general order was made at each term continuing all causes not disposed of at the term, and where defendant, though required to appear at each term by his appeal bond, made no attempt to have the sentence imposed.

**2. Criminal law ⟨⟩977(3)—Payment of fine without objection to suspended sentence held to waive discontinuance.**

If a criminal cause was discontinued by the expiration of two terms after the mandate on appeal was received without imposing sentence under the mandate, the discontinuance was waived where defendant voluntarily paid the fine and costs, and made no objection at the time to the sentence to imprisonment at hard labor, the execution of which was suspended.

**3. Criminal law ⟨⟩1001—Suspension of sentence for fixed time is authorized.**

The suspension of a sentence for violation of the prohibition laws for a fixed and definite time was authorized by Code 1907, § 7628.

**4. Criminal law ⟨⟩977(2)—Successor of judge who tried cause can impose sentence.**

The power to impose sentence after conviction of a crime is vested in the circuit court, not in the individual judges thereof, so that, after the death of the judge who presided in the court at the time of the trial, his successor has the same power to impose sentence.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Habeas Corpus proceedings by Arthur Snyder, to procure his discharge from custody on sentence for a violation of the prohibition laws.   From a judgment denying the discharge, petitioner appeals.   Affirmed.

P. E. Culli and W. J. Boykin, both of Gadsden, for appellant.

At the time additional sentence was imposed, the court was without power to make it.   79 South. 316; 7 May. 826; section 124, Const. 1901;   53 Mich. 260, 18 N. W. 849; 61 Mich. 110, 27 N. W. 869.   When the sentence was imposed, there had been a discontinuance in the case.   104 Ala. 96, 16 South. 122;   138 Ala. 259, 36 South. 367.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J.   The appellant appeals from a judgment rendered by Hon. O. A. Steele, judge of the circuit court of Etowah county, denying his discharge on a writ of habeas corpus heard by said judge.

So far as may be necessary to a consideration of the questions involved in this appeal, the following facts appear to be without dispute.   The petitioner was tried and convicted in the circuit court of Etowah county November 8, 1917, Judge J. E. Blackwood, judge presiding in said trial, on a charge of violating the prohibition laws.   The jury assessed a fine of $400, and the trial judge added 12 months as an additional punishment for the offense.   An appeal was taken to this court;   the judgment of conviction was affirmed, but the sentence, being improper, was set aside, and the cause was remanded, that a proper sentence might be pronounced in accordance with the law.   Snyder v. State, 16 Ala. App. 535, 79 South. 316.   This was on June 29, 1918.

The case remained on the criminal docket of the circuit court, from day to day and from term to term, there being two terms of the criminal court each year.   The minutes of the court show that at the end of each term of the court there was a general order continuing all cases on the docket not disposed of.   Other than this there was no reference to the case in hand until July 21, 1920, when the docket entry in this case shows that Hon. O. A. Steele, judge of said court, ordered the sheriff to bring petitioner into court, at which time the petitioner appeared, paid the fine and cost which had been imposed upon him, and at which time the court added 6 months as additional punishment, which was suspended as shown by the following order entered at the time:

"Sentence suspended for six months pending good behavior.   Defendant to appear January 21, 1921."

Acting under an order from Hon. O. A. Steele, the sheriff, on January 11, 1921, brought petitioner before said judge, and after hearing the testimony the order suspending the hard labor sentence was revoked, and the petitioner was put to hard labor for the county, the sentence to expire 6 months from such date.

[1] The insistence of the appellant that the court was without power to add additional punishment on July 21, 1920, is not tenable. The judgment of conviction was affirmed by the Court of Appeals, and the cause remanded for sentence according to law. That it was not done at the first term of the circuit court thereafter did not cause the circuit court to lose its control over or authority to carry out the mandate of this court. In Charles v. State, 4 Port. 107, it is distinctly held:

"That the court had the power at a succeeding term to render a judgment in a case in which a verdict had been given, but not acted upon by the court at the preceding term."

And this doctrine is reaffirmed in the case of Clanton v. State, 96 Ala. 111, 11 South. 299. The case of Ex parte Newton, 94 Ala. 431, 10 South. 549, cited and relied upon by appellant, does not sustain the proposition that the court in the instant case had no right to enter the judgment of July 21, 1920. The court held in that case that, when final judgment was rendered at one term of the trial court, complete in itself, from which an appeal was prosecuted to the Supreme Court, upon affirmance the trial court had no authority to add to or modify its first judgment. It is not questioned here but that the trial court had the power to add the hard labor sentence, but is urged that this power was lost by nonaction for about 2 years, and that there was a discontinuance of the prosecution. The first, and we think a sufficient, answer to the contention that there was a discontinuance of the prosecution is the admitted fact that there was a general continuance of all cases on the docket at the end of each term of the court, covering the period when it is claimed this prosecution was discontinued, and that during all this time the case of petitioner remained on the docket undisposed of, and of necessity must have been included in the general order of continuance. Besides, the petitioner was under bond to appear and answer whatever judgment should be rendered against him by the court when he appealed his case to this court, and, had he carried out the condition thereof, he would have appeared at the trial court to receive the proper sentence, at a time that he now contends it was only legal and proper that he should have been sentenced. By his own inaction a state of affairs is presented which he would now summon to his aid.

[2] But, conceding for the argument that the lapse of time and other matters did work a discontinuance, the payment of the fine and cost on July 21, 1920, would under the authorities be held a waiver. So far as appears this was done voluntarily. So far as appears, no question was then raised or objection made to the additional hard labor sentence then imposed upon him. Clanton v. State, supra; Torrey v. Forbes, 94 Ala. 135, 10 South. 320; Ex parte Hall, 47 Ala. 675; Walker v. Cuthbert, 10 Ala. 213; Drinkard's Case, 20 Ala. 9.

[3] The suspension of the sentence was for a fixed definite time, as provided for by section 7626 of Code 1907 of Alabama. In the Vinson Case, 16 Ala. App. 536, 79 South. 316, the suspension of the sentence was for an indefinite time.

[4] It is further contended that, Judge Blackwood, the judge presiding at the time of conviction, being dead, no other than he had the right to add an additional sentence, suspend and revoke the same. This plea is also unavailing. The circuit courts, though the powers thereof may be exercised at different terms, by different judges, are always the same. The power which belongs to them, does not depend upon the commission of any judge who exercises it, but is derived from the Constitution, and is always the same while there are judges to exercise it. This case remained on the docket undetermined, and the judge of the court finally passing on it had the same power to act as the judge of the court who presided when the verdict was returned. Charles v. State, 4 Port. 107.

The judgment must therefore be affirmed.

Affirmed.