[No. 26004. Department One. March 18, 1938.]

THE STATE OF WASHINGTON, *Respondent*, v. ELBERT B. LINDSEY *et al., Appellants.*[1]

*E. R. Lindsey,* for appellants.

*Ralph E. Foley* and *C. C. Quackenbush,* for respondent.

GERAGHTY, J.—The appellants were found guilty by the verdicts of a jury of the crime of grand larceny, charged to have been committed on the fifteenth day of April, 1935, a date prior to the effective date of chapter 114, Laws of 1935, p. 308, Rem. Rev. Stat. (Sup.), § 10249-1 [P. C. § 4503-31] *et seq.* After the

[1]Reported in 77 P. (2d) 596.

return of the verdicts, Judge Chas. H. Leavy, who presided at the trial, sentenced the appellant E. R. Lindsey to the state penitentiary for a term of not more than fifteen years, and the appellant Elbert B. Lindsey to confinement in the state reformatory for a like term. On appeal to this court, the judgments and sentences were affirmed. *State v. Lindsey,* 187 Wash. 364, 61 P. (2d) 293.

The appellants procured a review of this decision by the United States supreme court, where they contended that chapter 114 of the 1935 Session Laws, in so far as it related to sentences imposed for offenses committed prior to its effective date, was *ex post facto.* This contention was sustained by that court, and the case was remanded to this court for further proceedings not inconsistent with the views expressed in the court's opinion. *Lindsey v. State,* 301 U. S. 397, 81 L. Ed. 1182, 57 S. Ct. 797. Concluding its opinion, the United States supreme court said:

"Petitioners were wrongly sentenced under the Act of 1935. Whether, in consequence of the invalidity of the later act, as applied to petitioners, they may be sentenced under the earlier, is a question for the state court."

After receipt of the mandate of the United States supreme court, this court, July 6, 1937, set aside its former judgment affirming the judgments of the superior court and entered a new judgment affirming the judgments in so far as they adjudged the appellants guilty of the crime of grand larceny, but reversing the judgments as to the sentences imposed. The cause was remanded to the superior court, with instructions to resentence appellants in accordance with law.

On return of the cause to the superior court, on application of the prosecuting attorney, an order was made by the court directing that the defendants ap-

pear for resentence. Judge Leavy having resigned from the superior court in the meantime, the matter of resentencing the appellants was assigned to Judge Wm. A. Huneke, another member of the court. Judge Huneke announced that he would continue the matter for one week in order to have time to read the record and thoroughly acquaint himself with the facts before imposing sentences. At the expiration of this time, the court, Judge Huneke presiding, sentenced E. R. Lindsey to the state penitentiary for a term of not less than three nor more than fifteen years; and Elbert B. Lindsey to the state reformatory for a term of not less than six months nor more than fifteen years. From these sentences and the judgments which imposed them, the present appeal is taken.

On the first appeal to this court, the appellants urged, among other reasons for reversal, that chapter 114 of the 1935 Session Laws, p. 308, was *ex post facto* as to the offenses with which they were charged. If the court, on that appeal, had sustained the appellants' contention on this issue, while finding that in other respects there was no reversible error in the record, the proper procedure would have been not to have ordered a new trial, but to remand the cause to the lower court for the imposition of proper sentences. *State v. Gilluly,* 50 Wash. 1, 96 Pac. 512; *State v. Andrews,* 71 Wash. 181, 127 Pac. 1102; *State v. Lydon,* 170 Wash. 354, 16 P. (2d) 848.

"The imposing of an unauthorized sentence does not, in the absence of any other error affecting the trial, necessitate the granting of a new trial, or vacation of the verdict found, but is only a ground for reversing the erroneous judgment or sentence, leaving the verdict to stand as a basis for a new and proper sentence." 8 R. C. L. 237.

The United States supreme court reversed the decision of this court only in so far as it had affirmed the

validity of the sentences imposed upon appellants. On the modification by this court of its judgment in conformity with the mandate of the United States supreme court, the appellants' case stood precisely as if we had, in the first instance, remanded it for the imposition of proper sentences under the law.

The appellants were resentenced in accordance with the provisions of Rem. Rev. Stat., §§ 2281 and 2605 [P. C. §§ 8716, 8948], being the sections in effect at the time the appellants' offenses were committed. This procedure was proper notwithstanding the repeal of § 2281, by reason of the saving provisions contained in Rem. Rev. Stat., § 2006 [P. C. § 9198]. *State v. Hanlen,* 190 Wash. 563, 69 P. (2d) 806; *State v. Hanlen,* 193 Wash. 494, 76 P. (2d) 316.

The only serious question open on the present appeal is whether the appellants could have been legally sentenced by a judge other than the one who presided at their trial.

After the judge presiding at the trial of the appellants had approved the verdicts and denied motions in arrest of judgment and for new trial, nothing remained to be done but the imposition by the court of proper sentences in accordance with the governing statutes. Improper sentences were imposed. When these were reversed and the case remanded to the superior court for further proceedings, that court had jurisdiction to complete the judicial process by imposing correct sentences. While the second sentences were pronounced by Judge Huneke, his voice was the voice of the court. The judicial personnel may change, but the court remains.

In nearly all the cases where the question has arisen, the courts have sustained the jurisdiction of a judge who did not try the case, if legally presiding, to pronounce sentence, holding that there is no constitutional

principle that judgment on conviction must be pronounced by the same judge before whom the trial was had. The principle is stated in *Ex parte Williams,* 26 Fla. 310, 8 So. 425, a case sometimes cited:

"As to the authority of a judge who did not preside in the trial, but was afterwards judge of the court in which the case was still pending, we are of opinion that there is no law which prevents him from passing such sentence as the nature of the case demands. If because he did not hear the case on trial he cannot pronounce sentence, it would be a case in which there can be no infliction of penalty, notwithstanding the conviction. It would seem that such a result is of itself sufficient to show the fallacy of the position that another judge, who presides in the court after the trial, cannot pass a sentence appropriate to the offense. While he may not be as well informed of the circumstances of the case as the trial judge, there will be sources of information open to him."

The rule is sustained in the following cases: *United States v. Meldrum,* 146 Fed. 390 (affirmed by circuit court of appeals, ninth circuit, *Meldrum v. United States,* 151 Fed. 177); *State v. Knotts,* 70 S. C. 400, 50 S. E. 9; *Anderson v. State,* 115 Fla. 477, 155 So. 726; *State v. Sweetin,* 134 Kan. 663, 8 P. (2d) 397; *Pegalow v. State,* 20 Wis. 65; *Crippen v. Schnee,* 52 Kan. 202, 34 Pac. 793; *State v. Gordon,* 196 Mo. 185, 95 S. W. 420; *Lanphere v. State,* 114 Wis. 193, 89 N. W. 128; *State v. Barret,* 151 La. 52, 91 So. 543; *Snyder v. State,* 18 Ala. App. 188, 90 So. 40.

▮. The appellants make some contention that, in resentencing them, the court should have allowed for the time they were confined in jail pending an appeal. Other than the statement made to the court at the time of sentencing by appellant E. R. Lindsey, the statement of facts does not disclose the duration of their confinement.

Rem. Rev. Stat., § 1746 [P. C. § 4393], provides that,

in the event no appeal be taken from the judgment of conviction of a felony, the term of sentence imposed shall commence to run from the date of its imposition, but that where, on appeal, the judgment is affirmed, the term shall commence to run from the date upon which the remittitur shall be filed in the lower court. This section is not applicable to the facts in the present case.

As we have seen, Judge Huneke deferred sentencing the appellants until after he had read the evidence. At the time of sentencing he stated that he had read "every word of it." It is to be assumed that he took the confinement of the appellants into consideration in the sentences imposed, because, in the case of E. R. Lindsey, the minimum was two years less than the minimum of five years which could have been imposed under § 2281. In the case of Elbert B. Lindsey, the minimum was fixed at six months, the lowest that could be imposed.

The judgment is affirmed.

STEINERT, C. J., MAIN, HOLCOMB, and SIMPSON, JJ., concur.