## Ex parte PENNEY.

Circuit Court of Appeals, Ninth Circuit.
March 24, 1939.

Wesley Ames Penney, in pro. per.
No other appearance.

Before WILBUR, Circuit Judge.

WILBUR, Circuit Judge.

Petitioner asks for his discharge from the state prison at Walla Walla upon the ground that his sentence has expired and seeks a writ of habeas corpus to that end. He alleges that he is held under a judgment and a commitment from the state court; that he was sentenced on the 6th day of January 1934 for a period of six years (two consecutive terms of three years); that he is entitled to two years deduction for good conduct and, consequently, should have been released January 6, 1938. He alleges that he had applied for relief to the Supreme Court of the state of Washington, but does not allege that such application was made after January 6, 1938. He applied February 27, 1938 to the United States District Court for the Eastern District of Washington for writ of habeas corpus and leave to proceed in forma pauperis and filed an affidavit to disqualify the District Judge. The application was denied. Penney v. McCauley, D.C., 20 F. Supp. 206.

The petitioner claims that his detention results from the application to him of the indeterminate sentence law passed by the legislature of the state of Washington March 20, 1935, Session Laws of Washington 1935, ch. 114, p. 308. The Supreme Court has held the Washington statute of 1935 to be ex post facto as to all offenses committed prior to its enactment (Lindsey v. State of Washington, 301 U.S. 397, 57 S. Ct. 797, 81 L.Ed. 1182) and, consequently, not applicable to him. It does not appear from the petition that the state courts of Washington have failed or refused to follow the decision of the Supreme Court. On the contrary, it will be assumed that when the matter is properly presented they will do so, as the Supreme Court of Washington has already done. State v. Lindsey, 194 Wash. 129, 77 P.2d 596, March 18, 1938.

The question involved is peculiarly one for the state courts and, if the rights of the petitioner under the Constitution of the United States are denied by the state

28

courts, the remedy is by application to the Supreme Court of the United States after presentation to the court of last resort in the state. There are no exceptional circumstances involved which would justify the interposition of any other federal court. Ex parte Melendez, 9 Cir., 98 F.2d 791.

Application denied.