## LINDSEY v. LEAVY et al.

### No. 10875.

Circuit Court of Appeals, Ninth Circuit.
June 1, 1945.

---

E. R. Lindsey, of Bremerton, Wash., in pro. per.

Smith Troy, Atty. Gen., Fred E. Lewis and Hugh A. Dressel, Assts. Atty. Gen., and E. P. Donnelly, of Seattle, Wash., for appellees Simpson and others.

David J. Williams, of Seattle, Wash., for appellee Langlie.

Alan G. Paine, of Spokane, Wash., and Harold Shefelman, of Seattle, Wash., for appellees Leavy and others.

MacBride & Williams and T. J. Hanify, all of Seattle, Wash., for appellee Schwellenbach.

J. Charles Dennis, U. S. Atty., and G. D. Hile, Asst. U. S. Atty., both of Seattle, Wash., for appellee Black.

Thomas A. E. Lally, of Spokane, Wash., for appellees Lally and others.

Witherspoon, Witherspoon & Kelley, of Spokane, Wash., and Johnson & Dafoe, of Seattle, Wash., for appellee McCluskey.

Before GARRECHT, HEALY and BONE, Circuit Judges.

BONE, Circuit Judge.

■ The issues raised by the allegations of appellant's complaint and presented in the numerous affidavits and documents filed in this action, have been before the courts upon many occasions.[1] Upon three occasions appellant was convicted before juries in the Superior Court of the State of Washington of the crimes of grand larceny and forgery. The first conviction and sentence was in 1935. The other two convictions and sentences were in 1937. Pursuant to judgment, sentence and commitment on these convictions, appellant was delivered to the State Penitentiary in Washington where he was confined from April 20, 1938 to May 29, 1941 when he was released on parole. He has not been imprisoned since that date. In Lindsey v. Washington, 301 U.S. 397, 57 S.Ct. 797, 81 L.Ed. 1182, the Supreme Court (review on cert.) held that a state statute making more onerous the standard of punishment is ex post facto and void as applied to a crime committed before its enactment, and because appellant had been wrongly sentenced, remanded the case for further proceedings by the state court. Subsequently, and pursuant to this mandate, the former sentence was set aside and appellant was properly sentenced under the law in effect at the time of the commission of the offense. See State v. Lindsey, 194 Wash. 129, 77 P.2d 596, 597. The decision of the Supreme Court, 301 U.S. 397, 57 S. Ct. 797, 81 L.Ed. 1182, followed by the decision of the Supreme Court of the State of Washington, 194 Wash. 129, 77 P.2d 596, are decisive of the legal issues raised in this case. The state court had jurisdiction to resentence appellant under the authority of these cases and we so hold. Despite this posture of the case, appellant stoutly insists here, as he did below, that by reason of the decision of the Supreme Court in 301 U.S. 397, 57 S.Ct. 797, 81 L. Ed. 1182, holding in his case that the application of an ex post facto law was improper, the state courts thereby lost all jurisdiction to resentence him. This is the burden of his complaint. This position is untenable and his arguments, based on this contention, are unsound and void of merit. His attempts to secure a review of this question in the Supreme Court have failed. See Ex parte Lindsey, 303 U.S. 617, 58 S. Ct. 520, 82 L.Ed. 1083; Lindsey v. State, 303 U.S. 654, 58 S.Ct. 761, 82 L.Ed. 1114; Id., 303 U.S. 669, 58 S.Ct. 830, 82 L.Ed. 1135; Id., 304 U.S. 559, 58 S.Ct. 947, 82 L. Ed. 1526; Id., 305 U.S. 637, 59 S.Ct. 108, 83 L.Ed. 409. See also, 194 Wash. 129, 77 P.2d 596, supra. Failing to secure such a review in the Supreme Court, appellant, in 1940 and again in 1941, sought writs of habeas corpus in the United States District Court for the Eastern District of Washington. In each case, the court denied relief and dismissed the petitions for lack of merit.

On or about February 14, 1944, the appellant began this action in the district court against forty-five defendants, appellees herein, to recover $250,000 damages claimed to have been suffered by him by reason of an alleged conspiracy of defendants to deprive him of "the right to the free exercise and enjoyment of freedom from involuntary servitude and slavery" se-

---

[1] Lindsey v. Washington, 301 U.S. 397, 57 S.Ct. 797, 81 L.Ed. 1182; Lindsey et al. v. Washington, 303 U.S. 654, 58 S.Ct. 761, 82 L.Ed. 1114; Lindsey et al. v. Washington, 303 U.S. 669, 58 S.Ct. 830, 82 L.Ed. 1125; Lindsey et al. v. Washington, 304 U.S. 559, 58 S.Ct. 947, 82 L.Ed. 1526: Lindsey et al. v. Washington, 305 U.S. 637, 59 S.Ct. 108, 83 L.Ed. 409; State v. Lindsey, 187 Wash. 364, 61 P. 2d 293; State v. Lindsey, 192 Wash. 356, 73 P.2d 738; State v. Lindsey, 193 Wash. 241, 74 P.2d 1021; State v. Lindsey, 194 Wash. 129, 77 P.2d 596.

cured to him by the 13th Amendment and by the laws of the United States.[2] Of the appellees, some were and are judges of the Supreme Court of the State of Washington who sat as judges in various of appellant's appeals to that court, although one judge named had never had any association with the case. Other appellees are two former governors of the state who passed upon applications of appellant for executive clemency; several appellees served as judges of the Superior Court of the State of Washington for Spokane County, and as such, either sat as trial judges or heard motions or petitions for writs of habeas corpus in cases where appellant was a party, and of these, one was joined only because he had received a letter from appellant in which appellant asserted that his sentences were all void. Certain appellees were joined as defendants in the action because of their connection with the State Game Commission which operated a game farm near the state prison where appellant worked at his own request while in prison; others because of their official connection with the office of County Clerk which handled records of appellant's case; others because they were connected with the offices of prosecuting attorney, sheriff, Board of Prison Terms and Paroles, and as employees of the state prison. Two were police officers who arrested appellant. One was an employee of a Spokane, Washington, hotel who on request of police officers identified appellant in connection with the passing of spurious commercial paper. Three appellees are federal district judges. Two were joined by reason of having heard and denied petitions for writs of habeas corpus. The third because he had at one time presided as judge of the Superior Court of the State of Washington for Spokane County in a proceeding in which appellant was a party and which grew out of

the convictions noted. Apparently only one of the appellees named in the complaint is not a public officer or official.

All appellees filed motions for summary judgment in the court below on the ground that there was no genuine issue as to any material fact and that they were entitled to a judgment as a matter of law. The motions were granted. Appellees supported these motions by extensive affidavits setting forth their connection and relationship with all matters pertaining to appellant and his claims in the instant case. To these were attached court records, duly certified, which covered the pertinent parts of all the various criminal proceedings herein referred to, in which appellant was a party. This record included court opinions, judgments, jury verdicts, sentences and parole proceedings. In response to this record, appellant did not adduce facts which contradicted the essential and vitally material facts appearing in appellees' affidavits and exhibits.

■ The record fails to sustain appellant's charge of conspiracy amongst the appellees, or any of them, and no facts were disclosed from which an inference of conspiracy against appellant can arise. The record respecting appellees who were public officers and officials plainly shows that, aside from acting in their official capacities in the discharge of duties imposed on them by law when dealing with cases in which appellant was a party, these appellees did not come in contact with him and there is no evidence which sustains or tends to sustain appellant's charge that appellees intimidated, or threatened him or denied him freedom from involuntary servitude and slavery. On the contrary, the record compels the conviction that appellant was the sole author of his own misfortunes; that he was duly tried, convicted, sentenced and

[2] The gravamen of the charge in the complaint is set forth in a series of bare conclusions which alllege that appellees "joined in said conspiracy * * * and agreed and conspired amongst themselves, and with one another * * * [to] compel plaintiff to work and labor * * * and to perform involuntary servitude and to become a slave from May 3, 1935 until December 4, 1943 with the exception of a short period of time during the latter part of 1936 and the early part of 1937 * * * [and] to compel plaintiff against his will and without his consent to perform hard labor and to perform

involuntary servitude and to be and become a slave, and each having power to prevent the same, and, or, aid in preventing the same, that they, and each of them failed, neglected and refused to prevent or aid in preventing the damage caused to plaintiff by the denial of his right to be free from involuntary servitude and slavery." The record clearly discloses that the alleged slavery and involuntary servitude complained of resulted from the convictions and imprisonment of appellant on the said charges of grand larceny and forgery.

902

imprisoned as a punishment for crime in accordance with law. To test the validity of his convictions and imprisonment and to secure consideration of his grievance, which is the basis of the present suit, he has had free access to all courts of the land. He has invoked and enjoyed the privilege and protection of every safeguard known to the law, and in our view, the judgments of the courts have withheld from him nothing to which he was lawfully entitled. This being amply demonstrated by the whole record, the court below properly granted the motions for summary judgment.

■ On this appeal, appellant urges reversal on two grounds: that the court erred in granting appellees' motions for summary judgment and in denying his motion for rehearing. In his brief he complains of failure of appellees to file an answer, the absence of findings of fact and conclusions of law, the denial of his right to cross-examine appellees, to have a jury weigh their testimony and their failure to show by pleadings or proof that they are protected by the "exception" provision of the 13th Amendment. Since a summary judgment presupposes that there are no triable issues of fact, findings of fact and conclusions of law are not required in rendering judgment, although the court may make such findings with or without request. Failure to make and enter findings and conclusions is not error. Moore's Federal Practice, 1944 Supp. to Vol. 3, p. 116 and cases cited.

■ A defendant need not file an answer before moving for summary judgment. 3 Moore's Federal Practice, p. 3181. Appellant was not entitled to a jury; 3 Moore's Federal Practice, p. 3177–3188 sets forth a thorough discussion of this problem. Right to trial by jury was not denied by the summary judgment procedure in this case.

■ The sufficiency of the allegations of a complaint do not determine the motion for summary judgment. Cases dealing with and construing Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, clearly indicate to the contrary and if this were not the case, Rule 56 would be a nullity for it would merely duplicate the motion to dismiss. For a further discussion of this principle see 3 Moore's Federal Practice, pp. 3174, 3175. The rule is now well established in the many cases dealing with the problem.

Appellees herein who are public officers and officials, claim immunity from liability in a civil action for their acts done only in the performance of their official duties. All appellees assert that an applicable state statute of limitations bars appellant's cause of action. The views herein expressed make it unnecessary to pass upon these questions since in no event is appellant entitled to recover.

Judgment affirmed.