**DANA PERFUMES, INC., Appellant,**

v.

**Gene MULLICA, Appellee.**

**No. 16221.**

United States Court of Appeals
Ninth Circuit.

June 30, 1959.

Robert H. Rich, Ernest J. Zack, Kindel & Anderson, Los Angeles, Cal., for appellant.

Morse & Selwyn, Los Angeles, Cal., for appellee.

Before CHAMBERS, BARNES and JERTBERG, Circuit Judges.

CHAMBERS, Circuit Judge.

For a time, and pursuant to a written contract, Mullica was a salesman to

stores of Dana's perfumes. He was discharged by Dana in September, 1955, effective as of the approaching October 1. This, Dana by the contract had a right to do without cause at the end of any month.

Mullica's written agreement provided that he was to be paid on a commission basis of 6½% of sales.[1] His territory was all of California and Arizona and part of Nevada and he had worked for Dana for several years. He apparently was paid his commission on all sales upon which delivery had been made prior to his discharge. But his claim is that much of the year's business in perfume is selling to the stores in the fall a supply of the stuff for the Christmas trade. He says, in the fall of 1955 before his discharge, he took a lot of orders, and others had come in, but Dana held up on delivery until after discharging him. Then it denied him commission thereon because he was no longer its salesman. So, a complaint upon the jurisdictional basis of diversity was filed.

The district court awarded plaintiff a summary judgment[2] for $5,562.56, being 6½% of $85,577.90[3] of orders produced by Mullica (or coming in from his territory) before he was discharged but upon which delivery had not been made. The key sentence in the written agreement is: "No commission shall be payable in respect to *sales or shipments on orders* subsequent to termination of sales employment for any reason." (Emphasis supplied.) If drawn by Mullica, this language might be construed against him. But drawn by Dana, it seems quite proper to say that the sentence means: Dana was not to pay for "shipments on orders [received] subsequent to termination." And the corollary would follow that Mullica was to be paid on shipments or orders received before the time employment ended. And certainly it is unusual to deny a man payment for that which he has produced as a salesman.

Dana stoutly protests that there was contemporaneous with the written agreement a verbal agreement which should be integrated with the written. It pleaded that there were many oral specifications of how Mullica would perform his duties—and that Mullica violated almost every one of them. But everything that Dana pleads as being in the oral part of the "integrated agreement" is something within the range of the implied conditions of loyalty to an employer which the law imposes on an employee or within the scope of instructions that Dana might properly have given its salesmen.[4]

We think the alleged breaches by Mullica are something that perhaps required a trial although we at the same time can imagine that the points have very little future. From the record it would appear that differences between Mullica and Dana had been building up for some time. Before his discharge, Dana was expressing its discontent with his performance. But it was continuing

1. He was paid on all sales made in his territory and not limited to those that he obtained by direct solicitation. He had substantial promotional obligations to perform in the territory.

2. Pursuant to the local rule in the Southern District of California findings of fact and conclusions of law were entered. This is an anachronism because the granting of summary judgment means that there are no material facts in dispute. It would appear there is some "over-finding" here, but we have held in Lindsey v. Leavy, 9 Cir., 149 F.2d 899, that such findings are permissible. Sometimes such findings serve as a good summary; other times they are just a nuisance and cause trouble.

3. The computation was obviously made from answers to interrogatories given by Dana.

4. Appellant complains about the manner in which appellee has supplemented the record. But were it not for appellee's supplementation of the record, we might have to hold that it would be presumed that the absent part of the record sustained the trial court.

938

to employ him. To discharge him, Dana didn't by its contract have to have any reason. It didn't have to gamble on its own judgment that Mullica was guilty of a substantial breach. It could terminate at the end of any month.

Dana doesn't set up Mullica's alleged breaches as a counterclaim or as some sort of offset. And, it does not assert that it ever rescinded the contract for breach. Apparently, it claims the alleged breaches of Mullica are an excuse for non-performance on its part. Perhaps a pretrial order will clarify the theory of Dana's reliance upon these alleged breaches. In this connection, some consideration might be given to Sections 298 and 300 of the Restatement of Contracts.

The main point—how to construe the contract as to commissions on orders not delivered at the time of the contract—the court was entitled to dispose of on a motion for summary judgment (if there had been no more), but there was more which may or may not have any merit, which in our judgment precluded the use of the summary judgment procedure here.

Dana claims that in any event the damages were not correctly computed. The argument is made obviously on a premise of a construction of the contract rejected by the court.

The issue of interest will probably resolve itself when it is determined whether Mullica was guilty of any substantial breach. If the amount due was readily computable on the percentage of sold but undelivered perfumes (at the time of Mullica's discharge) and the damages of $5,562.56 heretofore awarded comes through a trial intact we would think interest appropriate.

We may think little of Dana's chances before the jury which Mullica has demanded, but that is beyond our scope. On the present record within the limited area indicated it would appear Dana was entitled to a trial.

Reversed.