**Grace LOWE, Appellant,**

v.

**William BOGGESS, Appellee.**

**No. 241.**

Supreme Court of Alaska.

Oct. 10, 1962.

Rehearing Denied Oct. 25, 1962.

Grace Lowe, appellant in pro. per., Fairbanks, for plaintiff.

Karl Walter, Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

PER CURIAM.

The basic question here presented is whether the trial court erred in granting the defendant's motion for summary judgment on the ground that there existed no genuine issue as to any material fact.

This action was brought by Grace Lowe as plaintiff below to recover general and punitive damages for mental suffering and loss of time and money caused her by the alleged conspiratorial activities of the defendants, Theodore Stevens, William Boggess and Robert Parrish. Stevens is named in the complaint as the arch offender and charged with unlawfully prosecuting and harassing the plaintiff by virtue of his office as United States Attorney. Boggess and Parrish practicing attorneys at law engaged by Stevens to represent him in litigation with the plaintiff, were named as co-defendants apparently on plaintiff's theory that they conspired with Stevens to inflict upon her some of the injuries complained of.

The defendant Boggess moved for a more definite statement of the plaintiff's claim against him, specifically as to dates, places and events connecting him with any common scheme or conspiracy to injure the plaintiff. A form of "More Definite Statement" was furnished by the plaintiff, but it does not contain any of the information asked for. Boggess regarded the complaint and the statement as failing to show a genuine issue as to any material fact involving him and so moved for summary judgment. He supported his motion with an affidavit in which he denied that he had ever personally or in conspiracy with the other defendants in-

jured the plaintiff or caused her damage of any nature.[1]

He further alleged that only in his capacity as an attorney and under his legal duty to his client did he appear for and represent the defendant Stevens in a criminal libel and slander charge and also in a criminal charge of blackmail prosecuted against him by plaintiff; that Stevens prevailed on both charges; that, after consultation with Stevens and with co-counsel Robert Parrish, Boggess then commenced suit on behalf of Stevens against the plaintiff for malicious prosecution.[2]

The plaintiff served no answering affidavits, but was content to rest her opposition to the motion upon a memorandum in which she argued that her complaint stated a cause of action against the defendant Boggess "in that by virtue of his superior legal knowledge, the defendant utilized such knowledge for the specific purpose of conspiring with Stevens and co-defendant Parrish in harrassing [sic] the Plaintiff, impeding the rights of Plaintiff against the defendant, Theodore Stevens, in prevailing upon the court to impose costs not founded on law * * *." The defendant's motion for summary judgment was granted and the plaintiff has appealed.

We have carefully examined the plaintiff's complaint, more definite statement, memorandum in opposition to motion for summary judgment and brief on appeal and fail to find therein a single genuine issue as to any material fact involving defendant Boggess. In the face of the facts and circumstances set forth in defendant's affidavit it was incumbent upon the plaintiff to produce facts of her own in controversion.

Civ. R. 56(e) specifically provides:

"* * * When a motion for summary judgment is made and supported

[by affidavit and memorandum] as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, *must set forth specific facts showing that there is a genuine issue for trial.* If he does not so respond, summary judgment, if appropriate, shall be entered against him." [Emphasis added.]

In Gilbertson v. City of Fairbanks[3] we recently held that a summary judgment was properly rendered for the plaintiff city, which supported its claim for utility service by affidavit showing amount due, where defendant did not clearly state his defense of payment or show the court how he planned to support the defense with facts admissible in evidence.

■ The provision of Civ. R. 56(e) above quoted and our holding in the Gilbertson case are dispositive of the issue before us now and lead us to conclude that the trial court did not err in granting a summary judgment in favor of the defendant Boggess as a matter of law.

■ Other points raised by the plaintiff do not require extended discussion. We find no basis in law or reason for plaintiff's claim that justice required that her case not be subject to summary disposition inasmuch as she appeared in propria persona while the opposition consisted of three trained attorneys.

■ The trial court committed no error in failing to make findings of fact and conclusions of law, as Civ. R. 52(a) states that findings and conclusions are unnecessary on decisions of motions for summary judgment.[4]

1. Boggess' affidavit was accompanied by a memorandum containing a comprehensive analysis of the complaint, the more definite statement, the affidavit and the legal rules for pleading the tort of conspiracy.

2. The suit by Stevens against Grace Lowe for malicious prosecution is still pending.

3. Opinion No. 58, 368 P.2d 214, 216–217 (Alaska 1962). See also Lindsey v. Leavy, 149 F.2d 899 (9th Cir. 1945), cert. denied 326 U.S. 783, 66 S.Ct. 331, 90 L.Ed. 474 (1946).

4. See also Lindsey v. Leavy, supra note 3, 149 F.2d at 902.

■ Finally, the plaintiff's contention "that the affidavits submitted by either party [and we assume that she has reference here particularly to the affidavit above mentioned of defendant Boggess] cannot be used as a basis for terminating an action" is contrary to the authorities [5] and the plain provisions of Civ R. 56(c).[6]

The order granting summary judgment is affirmed.

See also 352 P.2d 129.

5. See 6 Moore, Federal Practice, para. 56.22 (2d ed. 1953).

6. Civ.R. 56(c) provides as follows:
"The motion [for summary judgment] shall be served at least 10 days before the time fixed for the hearing, and may be supported by affidavits setting forth concise statements of material facts made upon personal knowledge. There must also be served and filed with each motion a memorandum showing that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The adverse party not later than two days prior to the hearing may serve opposing affidavits, a concise 'statement of genuine issues' setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, and any other memorandum in opposition to the motion. Judgment shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. * * * "