[No. 1100-2. Division Two. January 16, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT S. BOWEN, *Appellant*.

*J. Rex Behrhorst*, for appellant.

*S. Brooke Taylor*, *Prosecuting Attorney*, for respondent.

ARMSTRONG, C.J.—The defendant, Robert S. Bowen, appeals from a jury conviction of rape. The relevant facts are these. Bowen was living at a motel where the victim was employed. After having been acquainted with Bowen for 1½ weeks, the victim had a social date with her fiance, her fiance's sister and Bowen. The next morning at 4 o'clock, the emergency doorbell at the motel office rang, and the victim went to the door. The assailant pushed his way in, struck her several times, knocked her to the floor and sexually assaulted her. To her inquiry as to why he was raping her, he replied, "because you shunned me." The next day she identified Bowen as her assailant. The two companions of the night before the attack testified that Bowen had consumed several alcoholic drinks that evening, and had seemed upset when the victim rejected his amorous overtures.

There are two important issues raised by this appeal. First, is second-degree assault a lesser included offense of the crime of rape? We hold that it is and that therefore the instruction to the jury so stating was proper. Second, does a judge other than the one who conducted the trial have jurisdiction to impose sentence? We hold that he does. Additionally, Bowen challenges certain conduct of the trial judge, the admission of certain rebuttal testimony and an instruction on motive.

*Is assault in the second degree a lesser included offense of rape?* The trial judge instructed the jury (instruction No. 7):

> The crime of Rape includes also the lesser crime of Assault in the Second Degree, so if the State has failed to establish the guilt of the defendant of the offense of Rape, it will be your duty to consider whether or not the defendant is guilty, under the evidence, of the crime of Assault in the Second Degree.

It is clear that a jury may be instructed on and a defendant convicted of a lesser included offense where all the elements of the included offense are necessary elements of the offense charged, even if the lesser included offense is

not charged. *State v. Olds*, 39 Wn.2d 258, 235 P.2d 165 (1951); *State v. Bishop*, 6 Wn. App. 146, 491 P.2d 1359 (1971); *State v. East*, 3 Wn. App. 128, 474 P.2d 582 (1970); RCW 10.61.006. The question squarely facing us, then, is whether second-degree assault is a lesser included offense of the crime of rape. The courts of our state have never resolved this precise question. However, the case law and logic compel the conclusion that assault in the second degree is a lesser included offense of the crime of rape.

Assault with the intent to commit rape is a lesser included offense of rape. *State v. Marselle*, 43 Wash. 273, 86 P. 586 (1906). It has also been held that assault is an element of the crime of assault with intent to rape. *State v. LaVine*, 68 Wn.2d 83, 411 P.2d 436 (1966). The combination of these two principles indicates that assault is a lesser included offense of the crime of rape. Moreover, our State Supreme Court has indicated that it considers second-degree assault a lesser included offense of rape. *State v. Thompson*, 58 Wn.2d 598, 364 P.2d 527 (1961). In *Thompson*, the defendant was charged with first-degree murder committed in the commission of a rape. He challenged the instruction that murder in the second degree was a lesser included offense of murder in the first degree, contending that he was guilty of first-degree or nothing because second-degree murder is murder in commission of a felony *not* listed in under first degree. The court said:

> We do not agree. The jury was specifically instructed that murder in the second degree was an included lesser offense, and that it might find the appellant guilty of murder in the second degree if it found him guilty of the crime of *assault* [Italics in original.] in the second degree. This instruction warranted the return of the verdict in question *because rape or attempted rape does not exclude the commission of an assault. Indeed, an assault is generally the implementation of a rape, except, of course, when it is statutory rape.* The jury was instructed on the crime of assault in the second degree. It evidently found that the appellant was guilty of assault rather than at-

tempted rape and, therefore, returned a verdict of murder in the second degree. The verdict was proper.

(Italics ours.) *State v. Thompson, supra* at 606.

In addition to the above line of cases, an examination of the statutes themselves support our conclusion. We confine our analysis to the parts of the two criminal statutes on which the jury was instructed, although some other sections are applicable to different fact patterns of second-degree assault.

RCW 9.79.010 defines and punishes rape as follows: [1]

> *Rape is an act of sexual intercourse with a female not the wife of the perpetrator committed against her will and without her consent.* Every person who shall perpetrate such an act of sexual intercourse with a female of the age of ten years or upwards not his wife:
> (1) When, through idiocy, imbecility or any unsoundness of mind, either temporary or permanent, she is incapable of giving consent; or
> (2) *When her resistance is forcibly overcome*; or
> (3) When her resistance is prevented by fear of immediate and great bodily harm which she has reasonable cause to believe will be inflicted upon her; or
> (4) When her resistance is prevented by stupor or weakness of mind produced by an intoxicating narcotic or anaesthetic agent administered by or with the privity of the defendant; or
> (5) When she is at the time unconscious of the nature of the act, and this is known to the defendant;
> Shall be punished by imprisonment in the state penitentiary for not less than five years.

(Italics ours.) The information was based and the jury was instructed on subsection (2) of the statute. Instruction No. 4 defined rape as "an act of sexual intercourse with a female not the wife of the perpetrator, committed against her will and without her consent when her resistance is forcibly overcome." The jury was instructed (instruction

---

[1]Subsequent to the trial in this case, RCW 9.79.010 was amended and "person" substituted for "female" and "wife or husband" substituted for "wife." RCW 9.79.010 (Laws of 1973, 1st Ex. Sess., ch. 154, § 122.)

No. 5) that one of the elements which the State must prove is that "said act of sexual intercourse was committed against her [the victim's] will and without her consent and when her resistance is forcibly overcome."

The second-degree assault statute, RCW 9.11.020, states:

Every person who, under circumstances not amounting to assault in the first degree—

(1) With intent to injure, shall unlawfully administer to or cause to be taken by another, poison or any other destructive or noxious thing, or any drug or medicine the use of which is dangerous to life or health; or

(2) With intent thereby to enable or assist himself or any other person to commit any crime, shall administer to, or cause to be taken by, another, chloroform, ether, laudanum or any other intoxicating narcotic or anaesthetic; or

(3) Shall wilfully inflict grievous bodily harm upon another with or without a weapon; or

(4) Shall wilfully assault another with a weapon or other instrument or thing likely to produce bodily harm; or

(5) Being armed with a deadly weapon shall wilfully assault another with a whip; or

(6) *Shall assault another with intent to commit a felony*, or to prevent or resist the execution of any lawful process or mandate of any court officer, or the lawful apprehension or detention of himself or another person; or

(7) While hunting any game or other animals or birds, shall shoot another;

Shall be guilty of assault in the second degree and be punished by imprisonment in the state penitentiary for not more than ten years or by a fine of not more than one thousand dollars, or by both.

(Italics ours.) The jury was instructed on subsection (6). Instruction No. 8 stated:

Every person who shall assault another with intent to commit a felony shall be guilty of assault in the second degree. The crime of Rape is a felony.

Instruction No. 9 stated in part:

[T]he term "assault" means any unlawful, unpermitted or intentional touching or striking of another, regardless of whether or not any actual physical harm is done to the victim.

The issue raised by these instructions, therefore, is whether an unlawful touching of another with intent to commit a felony is a lesser included offense of the felony of "an act of sexual intercourse . . . committed against [a female's] will and without her consent when her resistance is forcibly overcome." Common sense dictates that it is. Clearly, all the elements of this type of second-degree assault are necessary elements of this type of rape. Unless there has been an unlawful touching with an intent to commit a felony, there has been no crime of rape committed by forcibly overcoming the victim's resistance.

*Substitution of judge.* Bowen's trial was conducted and the verdict accepted by Judge Joseph H. Johnston. Judge Johnston's successor in office, Judge G. B. Chamberlin, denied the motion for new trial and imposed sentence. Bowen contends that Judge Chamberlin was without jurisdiction to make these rulings by virtue of RCW 2.28.030, which provides in relevant part:

A judicial officer is a person authorized to act as a judge in a court of justice. Such officer shall not act as such in a court of which he is a member in any of the following cases:

. . .

(2) When he was not present and sitting as a member of the court at the hearing of a matter submitted for its decision.

The power of a judge other than the one who conducted the trial to impose sentence has been approved by our Supreme Court. *Jaime v. Rhay,* 59 Wn.2d 58, 365 P.2d 772 (1961); *State v. Lindsey,* 194 Wash. 129, 77 P.2d 596 (1938). In *Lindsey* the judge who heard the testimony imposed improper sentences. On remand the new sentences were imposed by a different judge. The court held that this was proper, citing cases from other jurisdictions and stating:

"The judicial personnel may change, but the court remains." *State v. Lindsey, supra* at 132. In *Jaime v. Rhay, supra,* one judge imposed probation, and 3 years later, the probation was revoked and sentence imposed by another judge. The Supreme Court held that this was not a violation of RCW 2.28.030, saying:

> There is always judicial business unfinished at the end of every judge's tenure of office, whether the termination be by expiration, retirement, or death. It is only necessary, under the statute, that the particular matter disposed of by a judge shall have been submitted to him according to law; otherwise, no litigation pending before a judge could be concluded after his separation from office. The statute means no more than that a judge may not pass upon a matter that was never properly submitted to him.

*Jaime v. Rhay, supra* at 61.

We find the rationale of these two cases persuasive. The process of sentencing does not depend primarily upon what transpired at trial. Imposing, deferring or suspending sentence depends upon facts which include, but are not necessarily limited to, the gravity of the crime, rehabilitation possibilities, protection of the public, the defendant's past record and deterrence of further violations. Moreover, if we were to accept Bowen's argument, a defendant found guilty would face no punishment if the judge who conducted the trial died or his term expired. We do not believe that RCW 2.28.030 was intended to have this effect.

We limit our holding to situations where the substitution occurred as a result of a circumstance which cannot be controlled, such as death, retirement or expiration of term. We do not decide whether the same conclusion would be reached where mistake or the momentary unavailability of the original judge was the cause of the substitution.

Bowen also contends that a judge other than the one who conducted the trial may not rule on a motion for a new trial. We believe that the validity of this claim may well turn on what issues and errors were raised in the motion.

Since the record on appeal does not disclose what errors were raised in the motion in this case, we do not reach this question.

■ *Conduct of the judge.* The key defense witness, presented to show that Bowen and the victim had a romantic relationship, often failed to answer the question asked, related many irrelevant details in a rambling fashion, and on occasion began to interject hearsay. A few times the judge merely asked the witness to answer the question without adding his own explanation. The more strongly worded statement was, "Will you listen to me a minute? I run this courtroom. You don't . . . . You answer the question and don't interject all of your personal ideas about it!" These remarks were a comment on the evidence requiring reversal if it was reasonably inferable by the jury that the judge believed or disbelieved the witness and prejudice resulted. *State v. Haye*, 72 Wn.2d 461, 433 P.2d 884 (1967); *State v. Estill*, 50 Wn.2d 245, 310 P.2d 885 (1957); *State v. Funches*, 5 Wn. App. 491, 487 P.2d 793 (1971).

In the case at bar, though the judge scolded the witness in his last statement, it was not very prolonged, and the witness was allowed to continue answering questions without further comment by the judge. The context of the entire testimony of this witness clearly indicated that the ground for the judge's conduct was the manner in which the witness answered questions, and not what he said. In *State v. Haye*, *supra* at 475, the judge commented to defense counsel, "just keep quiet," and "This is all trivia anyway." (Italics omitted.) This was a much more direct implied comment than in the case at bar; yet it was not held to be prejudicial error. We conclude that the judge's comment to Bowen's witness did not amount to a comment on the evidence.

*Rebuttal testimony.* The prosecuting attorney called the victim, her fiance and her fiance's sister on rebuttal. Their rebuttal testimony was not lengthy. Most of the prosecutor's questions related to clarification of the events sur-

rounding the incident, asking for testimony not given before and responding to points raised in the defense's case. Occasionally, in answering the question, the witnesses would interject testimony which had been given before, and the prosecutor needed to ask a couple of background questions in order to focus in on his clarification question. Defense counsel was required to object only about four times, and each time either he was sustained, with the judge agreeing with him, or the question was withdrawn.

█ We note first that a ruling on the admission of surrebuttal testimony is within the trial court's discretion and should not be overturned absent a manifest abuse of discretion. *State v. White*, 74 Wn.2d 386, 444 P.2d 661 (1968); *State v. Murley*, 35 Wn.2d 233, 212 P.2d 801 (1949). Rebuttal evidence is inadmissible if it is cumulative and does not answer new points presented by the opponent. Our State Supreme Court has recognized that it is sometimes understandably difficult to separate rebuttal evidence and evidence in chief and that at times the two may overlap. *State v. White, supra* at 394-95. In the case at bar, the prosecution's questions were clearly directed at dealing with evidence presented by the defense, and any slight repetition was not prejudicial.

█ *Instruction on motive.* Bowen also challenges the giving of instruction No. 18, which stated:

> The question of motive is a circumstance which you are entitled to consider in connection with all the other evidence in determining the guilt or innocence of the defendant.
>
> "Motive" is the impulse which impels a person to commit a particular act.
>
> It is not necessary to conviction that the state establish a motive on the part of the defendant for committing the crime with which he is charged.
>
> However, evidence tending to show the existence or non-existence of a motive is to be considered by you in determining the guilt or innocence of the defendant, together with all of the evidence in the case.

He contends that this instruction erroneously stated that motive was an element of the crime of rape. While motive is not an element, *State v. Raymond,* 69 Wash. 98, 124 P. 495 (1912), this instruction does not convey any idea that it is. Rather, it clearly conveys the proper impression that motive or lack of evidence of a motive is a circumstance which may be considered by the jury. *State v. Guerzon,* 23 Wn.2d 242, 160 P.2d 603 (1945); *State v. Richardson,* 197 Wash. 157, 84 P.2d 699 (1938); *State v. Messinger,* 8 Wn. App. 829, 509 P.2d 382 (1973). Since evidence of motive was properly presented by the State, the court could instruct the jury on its evidentiary value.

Bowen also contends that the instructions on assault and intent are confusing. We do not agree; they clearly and accurately stated the law.

Affirmed.

Pearson and Petrie, JJ., concur.