TYSON, Judge.
Richard Wayne Jacobs was indicted for robbery in the first degree in violation of § 13A-8-41, Code of Alabama 1975. The jury found the appellant “guilty as charged in the indictment” and the appellant was sentenced to ten years’ imprisonment in the penitentiary.
Since the appellant does not challenge the sufficiency of the State’s evidence and the facts of this case are not germane to the sole issue raised on appeal, we preter-mit a discussion of the facts in this opinion.
I
The sole contention of this appellant is that it is reversible error for a judge, other than the judge who presides over the trial of a defendant and hears the evidence, to impose sentence upon that defendant.
*467 In the case at bar, District Court Judge James Sullivan presided at the appellant’s trial. After the appellant had been found guilty but before he was sentenced, Judge Sullivan was suspended from office. Judge Ferrill D. McRae then took over the case and sentenced this appellant.
As the appellant concedes in his brief, this issue was addressed in Snyder v. State, 18 Ala.App. 188, 90 So. 40 (1921). In that opinion, Judge Merritt stated:
“The circuit courts, though the powers thereof may be exercised at different terms, by different judges, are always the same. The power which belongs to them, does not depend upon the commission of any judge who exercises it, but is derived from the Constitution, and is always the same while there are judges to exercise it.” Snyder, supra at 42.
The ABA Standards for Criminal Justice, Sentencing Alternatives and Procedures, § 5.1 (1st ed.) suggests that it is the better practice for the trial judge who presided at defendant’s trial to impose sentence on that defendant. However, § 5.1 also states that there will be times when it will be impossible for the judge who presided at the trial to impose sentence and another judge will necessarily have to act and impose sentence. In those instances, the judge who will impose the sentence should fully acquaint himself with all of the aspects of the defendant’s case. See also Rule 25(b) Fed.Rules Crim.Proc. 18 U.S. C.A.
In the appellant’s case, it was necessary that another judge impose sentence since Judge Sullivan no longer had the authority to do so. Judge McRae reviewed the trial transcript carefully and the presentence report in this case. It is clear to this court that Judge McRae was thoroughly familiar with all aspects of this case and properly imposed sentence on this appellant.
For the reasons stated above, this case is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.