[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION REGARDING STATE'S MOTION TO ASSIGN AND SUBSTITUTE
The parties are before the court on the state's motion to assign and substitute a judge different from the trial judge, the Honorable Martin McKeever. The state requests that a new judge be assigned to sentence the defendant because of Judge McKeever's illness. The defendant objects to the substitution on the grounds that such an action would violate his constitutional rights and instead requests that the court grant his motion for acquittal or, in the alternative, a new trial.
The defendant, Ramon Barksdale, was tried before a jury of six on September 5-11, 2000, before the Honorable Martin McKeever. On September 11, 2000, after delivering his charge and prior to the jury having reached a verdict, Judge McKeever opened court and informed the state and the defendant that he would be unable to continue trying the case and that another judge would replace him. The Honorable G. Sarsfield Ford then presided over the remainder of the jury deliberations.[1] Judge Ford received and answered a question from the jury, and accepted and ordered recorded the jury's finding of guilty on three counts of sexual assault in the second degree and six counts of risk of injury to a minor. The matter was set down for sentencing on October 13, 2000, before Judge McKeever.[2] On September 15, 2000 the defendant filed a motion for judgment of acquittal/motion for new trial.[3] On December 14, 2000 the state filed a motion to assign and substitute a new judge to sentence the defendant.[4]
Neither the federal nor the state constitution guarantees a criminal defendant the right to have the same judge preside at both the trial and sentencing. See United States ex rel. Fields v. Fitzpatrick, 548 F.2d 105,108 (3d Cir. 1977) (no federal constitutional right to same judge). Though there is no guarantee to the same judge, the practice of substituting judges "should not be followed except under extraordinary CT Page 2752 circumstances. . . ." State v. Wallen, 114 Ariz. 355, 560 P.2d 1262, 1266
(1977).
"Jurisdiction is lodged in a court, not in a person. The judge, exercising the jurisdiction, acts for the court." (Internal quotation marks omitted.) United States v. Teresi, 484 F.2d 894, 898 (7th Cir. 1973). Thus, substitutions are permitted because even though "[t]he judicial personnel may change . . . the court remains the same." Statev. Bowen, 12 Wash. App. 604, 531 P.2d 837, 841 (1975).
The substitution of one presiding judge for another, however, should never be considered as a normal course of action and should occur only when "the due administration of justice makes it imperative." Hood v.State, 334 Md. 52, 637 A.2d 1208, 1210 (1994). When the due administration of justice requires the substitution of a presiding judge, action must be taken to insure that the defendant's substantial rights are preserved. See Peterson v. State, 203 Kan. 959, 457 P.2d 6, 11
(1969). So long as the defendant's substantial rights are preserved, any action taken by the substitute judge will be deemed as appropriate as if such action had been taken by the original judge. See id; see alsoHolcombe v. Holcombe, 22 Conn. App. 363, 365, 576 A.2d 1317 (1990) (finding that a successor judge may proceed as if he or she had been the judge originally assigned); State v. Bowen, supra, 531 P.2d 841 (holding that "[a substitute judge's] action has the same effect as if the assigned judge had taken the same action").
The preservation of the defendant's substantial rights requires independent review on the part of the substitute judge. See Hood v.State, supra, 637 A.2d 1212-213 (holding that a judge may not base decisions upon notes and discussion with original judge, but must perform independent inquiry before rendering decision). When substitute judges independently review the record, transcripts, reports and testimony before rendering any decisions, no violation of a defendant's constitutional rights occurs. See United States v. McCallie, 554 F.2d 770,774 (6th Cir. 1977) (finding no constitutional violation in substitution of judge); see also United States ex rel. Fields v. Fitzpatrick, supra, 548 F.2d 108 (holding no constitutional violation in sentencing by substitute judge); United States v. LaSorsa, 480 F.2d 522, 530-31 (2d Cir. 1973), cert. denied, 414 U.S. 855, 94 S.Ct. 157, 38 L.Ed.2d 105
(1973) (disallowing claim of violation of sixth amendment right to jury trial for failure to show prejudice); McIntyre v. State, 466 Ga. 7,463 S.E.2d 476, 479 (1995), cert. denied, 518 U.S. 1021, 116 S.Ct. 2556,135 L.Ed.2d 1074 (1996) (evaluating claim under a violation of the sixth and fourteenth amendment).
The court notes that in the absence of a procedural or statutory rule, CT Page 2753 "a judge may not be substituted to preside over the remainder of a trial after evidence has been adduced before the original judge." (Internal quotation marks omitted.) State v. Johnson, 44 Conn. App. 125, 141,688 A.2d 867 (1997). Connecticut's general statutes do not provide a course for proceeding when a judge falls ill and is unable to perform his or her duties. Unlike the federal rules of criminal procedure, which specifically provide for substitution in case of illness, General Statutes § 51-183f provides for substitution only in cases of death, retirement, resignation or term expiration.[5]
Irrespective of whether a substitution is statutorily or procedurally permissive, once a substitution occurs the burden falls upon the defendant. When a substitution occurs, the defendant must object or consent is assumed. State v. Johnson, supra, 44 Conn. App. 141. Following the substitution, the burden of proving prejudice to the case belongs to the defendant. Peterson v. State, supra, 457 P.2d 11. Absent a showing of prejudice to the defendant's constitutional rights, a verdict will not be abrogated in favor of a new trial. Id.
In the instant case, the defendant has not claimed that any of his federal or state constitutional rights were violated by the original substitution of Judge Ford for Judge McKeever during the jury deliberations and acceptance of the verdict. Likewise, a further substitution of judges for the purposes of final disposition will not prejudice the defendant's case.
The record from the defendant's trial is available for review by a substitute judge. The record should be reviewed in full before the substitute judge makes any determinations regarding outstanding motions or sentencing.[6] Before a determination as to the defendant's sentence can be made, the substitute judge must rule upon the defendant's motion for judgment of acquittal/motion for new trial. Following a review of the record, the substitute judge may either: (1) rule upon the motion; or (2) order a new trial if he or she feels incapable of rendering a decision based upon the record.[7]
If the substitute judge denies the defendant's motion for judgment of acquittal/motion for new trial, then the same procedure should be followed in terms of sentencing the defendant. It should be noted that "[t]he process of sentencing does not depend primarily upon what happened at trial. Imposing, deferring or suspending sentence depends upon facts which include, but are not necessarily limited to, the gravity of the crime, rehabilitation possibilities, protection of the public, the defendant's past record and deterrence of further violations." State v.Bowen, supra, 531 P.2d 837, 842 (1975). CT Page 2754
The substitute judge shall listen to arguments by counsel for both sides, review the presentence investigation report (PSI) and review the record in full before a sentencing determination is reached. If the substitute judge deems him- or herself to be appropriately informed, the defendant shall be sentenced. In the alternative, the substitute judge may order a new trial if he or she feels that the arguments, PSI and record do not provide a sufficient basis to determine the defendant's sentence.
Therefore, the state's motion to assign and substitute is GRANTED. The Honorable Judge Eddie Rodriguez, Jr. is hereby assigned as substitute judge for the Honorable Judge Martin McKeever, for the purposes of ruling upon any outstanding motions and sentencing the defendant.
RODRIGUEZ, J.