[No. 8617.    Department Two.    June 30, 1910.]

The State of Washington, *Respondent*, v. Loren Beatty, *Informed Against as Percy Warren, Appellant.*[1]

Indictment and Information—Lesser Offenses—Robbery—Assault and Battery. Under an information charging an assault with intent to rob, the defendant may not be found guilty of an assault and battery; no battery being charged and the same not being necessarily included in the offense of robbery; since Rem. & Bal. Code, § 2167, only authorizes a conviction for a lesser degree of an offense charged, and § 2168 only authorizes a conviction of a lesser offense necessarily included within the offense charged.

Criminal Law—Appeal—Decision—Instructions—Harmless Error. Under an instruction authorizing a conviction of assault and battery, under an information charging an assault with intent to

[1] Reported in 109 Pac. 1011.

rob, a verdict of guilty of assault and battery will be sustained as a conviction of assault; since the instruction was not prejudicial except as authorizing a conviction for a battery.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered July 22, 1909, upon a trial and conviction of assault and battery. Reversed.

*E. C. Dailey,* for appellant.

*Ralph C. Bell* and *Robert Mulvihill,* for respondent.

DUNBAR, J.—This is an appeal from a verdict and judgment for assault and battery growing out of the following information:

"That in the county of Snohomish, state of Washington, then and there being on or about the 28th day of May, 1909, the said Percy Warren, in and upon the person of one John Hanson, unlawfully and feloniously did make an assault with intent then and there unlawfully and feloniously and by violence and putting in fear, from the person of said John Hanson, the moneys, goods and chattels of the said John Hanson, to take, steal and carry away, contrary to the form of the statute in such cases made and provided," etc.

After the trial the court instructed the jury, among other things:

"You are hereby instructed that the defendant, should the evidence under these instructions justify it, may be convicted of any one of the following crimes, viz: (1) Assault with intent to commit robbery; (2) assault and battery; (3) simple assault. You are further instructed that the crime of assault and battery is defined as the unlawful beating of one person by another, and if you shall be convinced beyond a reasonable doubt that the defendant wrongfully beat or did unlawfully beat the complaining witness John Hanson, but did not at that time intend to rob the said John Hanson, you may find the defendant guilty of assault and battery."

The jury returned a verdict finding the defendant guilty of assault and battery. Judgment was entered and appeal followed.

Several assignments of error are made, but the only one which we think is entitled to consideration is the alleged error of the court in giving the instructions just above recited. A conviction for a lower degree can be sustained on an information charging a higher degree only upon the theory that the lower degree of the crime is necessarily embraced in the higher one; or, in other words, that the higher crime could not be committed without the commission also of the lower degree; and if robbery could not be committed without an assault and battery, there would be no error in the instruction given. But it is conceded that robbery can be committed without the commission of a battery, and hence a battery is not necessarily involved in the commission of the crime of robbery. The statute defines assault and battery as the unlawful beating of another, and defines assault as an attempt in a rude, insolent, and angry manner, unlawfully to touch, strike, beat, or wound another, coupled with the present ability to carry such attempt into execution. This information charges the defendant with making an assault, but makes no charge whatever of an assault and battery. The court in its instructions to the jury proceeded to define what an assault and battery was under the law. There being no charge of assault and battery, and assault and battery not being necessary to the commission of the crime of robbery, the court might as well have given the jury the definition of any other crime not material to the issues in the case.

Section 2167, Rem. & Bal. Code, provides that, upon an indictment or information for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment or information, and guilty of any degree inferior thereto, or of an attempt to commit the offense. But under the information charging robbery, as we have seen, the crime of assault and battery was not necessarily an inferior or a crime connected in any degree with the crime charged. Section 2168 provides: "In all

other cases, the defendant may be found guilty of an offense the commission of which is necessarily included within that with which he is charged in the indictment or information." As we have seen, the crime of assault and battery was not necessarily included within the crime with which he was charged, and the instruction was therefore erroneous. But, inasmuch as the jury must necessarily have found the defendant guilty of the crime of assault before they could have found him guilty of the crime of assault and battery, which they did, it seems plain that the instruction of the court could not possibly have prejudiced the jury, except in so far as they found him guilty of assault and battery instead of simple assault.

The judgment will be reversed, and the cause remanded with instructions to the court to pass sentence upon the defendant as upon a verdict for assault.

RUDKIN, C. J., PARKER, MOUNT, and CROW, JJ., concur.