141 So. 359

## BUFFORD v. STATE.

### 5 Div. 837.

Court of Appeals of Alabama.
April 19, 1932.

Samford & Samford and Jacob A. Walker, all of Opelika, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

**RICE, J.**

"* * * The decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust." Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738, 740.

Paraphrasing the quoted rule, laid down originally for the guidance of the Supreme Court, but now, as well, for this court (Code 1923, § 7318), it is, that "the decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will be reversed, if, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust."

Perhaps no pronouncement by our Supreme Court has been more often quoted and relied upon than the above. See Shepard's Alabama Citations; Cobb v. Malone & Collins, supra.

The fact that there may have been some evidence in favor of the verdict, which had served to cause the giving of the general affirmative charge against its rendition, improper (Norwood Hospital v. Brown, 219 Ala. 445, 122 So. 411), does not militate against the application by us of the rule first hereinabove quoted, where we come, as we do here, to review the action of the lower court in overruling appellant's motion to set aside the verdict of the jury, and the judgment entered thereon, and to grant him a new trial, on the ground that the verdict was against the great weight of the evidence. McTyeire v. McGaughy, 222 Ala. 100, 130 So. 784, and many other cases that might be cited.

In this case appellant was convicted of the offense of manslaughter in the first degree, and given a sentence to serve imprisonment in the penitentiary for the term of one year and one day.

The charge was that he had killed his own son, without cause, and without excuse.

We have read, studied, and considered the entire evidence, sitting en banc. It would serve no beneficial purpose to narrate nor discuss the said evidence. It was all circumstantial.

There was some substantial, though weak, inconclusive, and to an almost entire degree, speculative, tending to support the verdict returned.

But it is so far outweighed by the proven facts, probabilities, presumptions, and indisputable exculpating circumstances in the case, that we have reached the solemn conclusion that the verdict ought not to be allowed to stand.

We have endeavored to, and think we have, adhered, in our consideration of the case, to the rule first announced in Cobb v. Malone & Collins, supra. And, with whatever ability we possess, after "allowing all reasonable presumptions of its [the verdict of the jury in this case] correctness," we have reached the conclusion that "the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust."

For the error, therefore, in overruling appellant's motion to set aside the verdict of the jury, etc., the judgment is reversed, and the cause remanded.

Reversed and remanded.