151 So. 887

### MORRIS et al. v. STATE.

6 Div. 464.

Court of Appeals of Alabama.

May 23, 1933.

Rehearing Denied Oct. 3, 1933.

J. Foy Guin, of Russellville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., Thos. Seay Lawson, Asst. Atty. Gen., and Pennington & Tweedy, of Jasper, for the State.

RICE, Judge.

This is the second appeal in this case, wherein both judgments appealed from are considered as one case. In a general way, that is, essentially, the evidence on the second trial, from the judgment in which this appeal is taken, is the same as that considered on the first appeal. What was there said by Judge Samford, in connection with the refusal of the duly requested, etc., general affirmative charge to find in favor of appellants, is fully approved and applicable here. See Morris et al. v. State, 25 Ala. App. 175, 142 So. 685.

In addition, and with special reference to the action of the trial court in overruling the motion made by appellants to set aside the verdict, etc., as for its being insufficiently supported by the evidence, we may add that, so far as we can ascertain, the prevailing rule to be applied by us in such cases was correctly stated in the opinion in the case of Bufford v. State (Ala. App.) 141 So. 359,[1] which statement was taken from the opinion by the Supreme Court in the case of Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738, to wit: "The decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust." And see Skinner v. State, 22 Ala. App. 457, 116 So. 806, and Hines v. State, 198 Ala. 23, 73 So. 428.

Upon the instant appeal we remark that, while it is true that much of the evidence "is vague and indefinite, and many of the proven circumstances standing alone are consistent with innocence" (Morris et al. v. State, supra), and while it is true that, to have lawfully found the verdict, the jury must have given credence to testimony that seems to us utterly unworthy of belief, still, there is testimony in the case which, if believed, etc., would give adequate support to the finding of the jury. We are not at all satisfied, from reading the testimony in the record, of the guilt of appellants. But the weight and sufficiency of the evidence were

[1] 25 Ala. App. 99.

primarily for the jury, who had an advantage, etc., we do not have. Two juries have returned verdicts of guilty, etc., upon same, and two nisi prius judges, who, likewise, held an advantage over us, have refused to interfere with such actions. We are not quite able to say that, after allowing all reasonable presumptions, etc., the "preponderance of the evidence against the verdict is so decided as to clearly convince us that it is wrong and unjust." So, as for any insufficiency of the evidence to support the verdict, the action of the trial court in overruling appellants' motion for a new trial must be by us held to be without error.

What we have said hereinabove disposes of the biggest question presented on this appeal; i. e., whether or not the court erred in overruling the motion to set aside the verdict, etc., as for its being without sufficient support, etc., in the evidence.

We have again carefully examined our opinion written by Judge Samford on the first appeal. Morris et al. v. State, supra. It disposes of, adversely to the contention of appellants' capable counsel, practically all the exceptions reserved on the taking of testimony on the trial giving rise to this appeal. That opinion we yet believe sound, and it is again approved. In the matter of exceptions just referred to, we believe nothing further need be said than that we have examined all of same and find neither prejudicial error nor need for further comment apparent in the ruling underlying any.

The trial court's oral charge was unusually full, fair to appellants, and explicit. It, in connection with the great number of written charges given at appellants' request, in our opinion, gave to the jury every applicable principle of law.

As for the refused charges, wherever any one of same stated a correct and appropriate rule of law, we find the same rule to have been otherwise conveyed to the jury, and hence no error in its refusal. Code 1923, § 9509.

Since we have felt constrained to hold, as above herein, that there was sufficient evidence, under the rules, to sustain the verdict of the jury—certainly, to prevent our declaring the action of the trial judge in overruling appellants' motion to set aside the verdict, etc., erroneous—we are clear to the conclusion, after a very careful study of the entire record, including the bill of exceptions, in the light of the excellent briefs filed here both on behalf of the state and the appellants, that no prejudicially erroneous ruling is apparent. We cannot see that more specific comment upon any certain ruling is called for, or would be helpful.

The case is of a kind that might cause one to doubt the wisdom of the whole category, ineradicably, however, imbedded in the body of our law, of circumstantial evidence as a vehicle of conviction in criminal cases. But we have not the power, had we the purpose, to change the existing rule.

The judgments of conviction are affirmed.

Affirmed.

