83 So.2d 256

## Willie HUNT

### v.

### STATE.

### 7 Div. 376.

Court of Appeals of Alabama.

Nov. 1, 1955.

W. M. Beck, Ft. Payne, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

BONE, Judge.

The appellant was indicted by the grand jury of DeKalb County for the offense of assault with intent to ravish. Trial was had before the court and jury. A verdict of guilty was returned by the jury and sentence of two years in the State penitentiary was imposed by the court.

The evidence tended to show that on the night of the 22nd or early morning of the 23rd of November 1947, Willie Rose Lusk

was awakened by an intruder climbing into her bed. Mrs. Lusk, a divorcee, seeing the intruder was nude, asked him who it was; to which he replied, "This is Willie." Mrs. Lusk then kicked him to the floor and started calling his wife who lived in the other side of the house. The appellant then got back in the bed, forced Mrs. Lusk's legs apart, and "put his secrets up there."

Mrs. Lusk did not awaken the wife of the appellant, but she did awaken her three children who began crying. She testified that appellant told her to make them stop crying or he would kill her and the children.

The following morning, November 23, 1947, she went to the office of the county solicitor, the Honorable W. Jay Tindle, and swore out a warrant for the arrest of the appellant.

The sister-in-law of the appellant testified that the appellant came to her house for breakfast about daylight the morning of November 23rd and then left immediately for Buffalo, New York.

The son of Mrs. Lusk testified that he was awakened by his mother's screaming on this particular night and that the person in the room was the appellant.

Appellant was not arrested until January 28, 1955.

The wife of the appellant testified that she heard no screams on the night in question and that Mrs. Lusk was after her husband and was continually inviting him to her side of the house.

Appellant denied that he visited Mrs. Lusk on this particular night. He stated that she was "after" him and had on other occasions invited him to her side of the house. He testified that he went to Buffalo because he had a job there and that he had visited Alabama on numerous occasions since then.

Motion for new trial was made and denied.

No brief was filed by the appellant.

We have carefully examined the record in this case, as we are required to do, and there is no error apparent.

The first five grounds of the motion for a new trial are based on the law and the evidence in the case. The evidence was ample and sufficient to make a jury question as to the guilt or innocence of the appellant. All questions of law and the application thereof were ably decided by the circuit judge, Honorable W. J. Haralson.

The decision of a trial court, refusing to grant a new trial on the ground of insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be disturbed unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Bufford v. State, 25 Ala.App. 99, 141 So. 359.

In the instant case the evidence was conflicting, and the true facts were properly left to the determination of the jury.

Grounds 6, 7, 8, 9, 10, 11, and 12 are based on the general affirmative charge with hypothesis, and were properly refused.

In a very able and comprehensive oral charge the trial court instructed the jury as to the law in this case and to every aspect thereof.

For the reasons above stated, we are of the opinion that the judgment should be and the same is hereby affirmed.

Affirmed.