[No. 33464. Department Two. June 7, 1956.]

THE STATE OF WASHINGTON, *Respondent*, v. E. M. BERG, *Appellant*.[1]

*Pemberton & Orloff,* for appellant.

*Tom A. Durham* and *Carl B. Luckerath,* for respondent.

ROSELLINI, J.—The appellant was found guilty, by a jury, of the crime of grand larceny, and was given a suspended sentence of fifteen years in the state penitentiary. He appeals from the judgment entered on the verdict.

A number of assignments of error are based upon the

[1]Reported in 298 P. (2d) 519.

appellant's contention that the information failed to charge the crime of larceny, since although it was alleged that the acts of the appellant were done feloniously and fraudulently, the element of intent was not alleged in the words of the statute defining the crime, Rem. Rev. Stat., § 2601 (3) [*cf.* RCW 9.54.010 (3)], and that the court erred in allowing a trial amendment to include the omitted words.

█ Rule of Pleading, Practice and Procedure 12, 34A Wn. (2d) 76, authorizes the trial court to permit the amendment of an information at any time before or during trial and provides that an information will be deemed amended to conform to the evidence introduced without objection in support of the crime substantially charged in the information. The evidence which was introduced to prove intent was objected to on the ground that it was too remote, and not on the ground that the element of intent was outside the pleadings; consequently, without the trial amendment, the information would be deemed amended. Furthermore, when the trial amendment was requested, the appellant did not claim surprise nor ask for a continuance; and he does not suggest now that he was prejudiced by the court's ruling. Under such circumstances, the court may properly permit an amendment to cure a defect in the pleadings. *State v. Alexander,* 167 Wash. 15, 8 P. (2d) 298. And since the information charged that the funds were misappropriated with the intent to deprive or defraud the owner thereof, the errors assigned to the giving of instructions which conformed to the wording of the information are without merit.

The remaining assignments of error concern the sufficiency of the evidence to sustain the verdict. The appellant urges that there was no evidence that funds were missing. According to the evidence, the appellant was for many years the agent of the Alaska Fishermen's Union at Bellingham, Washington. As a part of his duties, he collected dues and assessments from union members, either directly or through their employers, and remitted the same to the union headquarters in Seattle, along with a report of his receipts and disbursements. When it came to the attention of the Seattle

office that dues which certain union members claimed to have paid at the Bellingham office had not been reported, an investigation was undertaken. An audit of the records of one cannery revealed that, of the dues collected by the check-off method and remitted to the appellant during the year 1950, four hundred forty-nine dollars did not appear on the Seattle records of receipts.

A further check of the reports submitted by the appellant revealed that substantially all of the dues and assessments represented by this sum had not been reported. The union bank account at Bellingham was examined, and it was found that the account balanced with the appellant's reports. However, according to the auditor's testimony, the account should have contained an additional sum to cover the unreported receipts. When asked to account for this discrepancy, the appellant had no explanation to offer. Upon this evidence, if believed, the jury could only conclude that the funds had been received by the appellant and that, having neither remitted nor accounted for the same, the appellant must have appropriated them to his own or another's use.

Verdicts in either civil or criminal cases may be based entirely upon circumstantial evidence, but in order to sustain a conviction on circumstantial evidence, the circumstances proved by the state must not only be consistent with the hypothesis that the accused is guilty, but also must be inconsistent with any hypothesis or theory which would establish, or tend to establish, his innocence. *State v. Taylor*, 47 Wn. (2d) 213, 287 P. (2d) 298. The appellant makes no contention that the proof failed to establish the commission of the crime, aside from his objection that the evidence was insufficient to prove that funds were missing. From the evidence outlined above, the only reasonable conclusion is that the funds in question were missing.

The judgment is affirmed.

HAMLEY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.