[No. 37626.   Department Two.   March 18, 1965.]

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD MORRIS GOLDSTEIN, *Appellant*.[*]

*Richard E. Kane* (of *Kadish & Kane*), for appellant.

*Charles O. Carroll* and *Bruce W. Rudeen*, for respondent.

WEAVER, J.,—Defendant appeals from a judgment and sentence entered after his convictions of third degree assault and of resisting arrest.

Appellate counsel, who did not try the case in superior court, makes three assignments of error. The first is directed to the alleged insufficiency of the evidence to support a verdict of assault in the third degree and of resisting arrest; the other two are directed to two instructions given by the trial court.

[*]Reported in 400 P. (2d) 368.

The occurrence took place in a Seattle tavern in the early morning hours. It would serve no useful purpose to delineate the facts developed by the testimony of the six state witnesses and the eleven defense witnesses. The evidence as to who provoked the assault, who struck the first blow, and whether defendant acted in self-defense is in sharp conflict.

After a review of the entire record, we conclude that there is sufficient evidence from which the jury could have found beyond a reasonable doubt that defendant committed the crimes charged. The jury believed the state's witnesses. We cannot disturb the verdict.

■ Defendant assigns error to instruction No. 5 on the ground that it "constitutes a comment on the evidence in that it presupposes appellant's [defendant's] guilt." At trial, exceptions were taken to the instruction on the ground of vagueness and that it would "confuse the jury." Hence, it appears that the assigned error—that the instruction is a comment on the evidence—is made for the first time on appeal. We have held on many occasions that we will not consider assigned error made for the first time on appeal. *Arnett v. Seattle General Hospital, ante* p. 22, 395 P. (2d) 503 (1964).

■ Assuming arguendo, however, that this appellate procedural deficiency does not exist, the assignment of error is still without merit. The instruction informed the jury that if it found from the evidence *beyond a reasonable doubt* that the defendant was the aggressor and that by his own acts and conduct he provoked or commenced the affray, then the plea of self-defense is not available to him. The instruction further expanded on the office and use of the plea of self-defense. The instruction is not a comment on the evidence for it in nowise constitutes an indication of the trial judge's belief or disbelief of any of the evidence.

Defendant did not testify in his own defense. He now claims that it was error to give instruction No. 10 in which the court, at the request of the state, instructed the jury that "no inference of guilt or innocence" is to be drawn from defendant's failure or refusal to take the witness

stand. The exception taken by trial counsel appears from the following:

"[Counsel]: Take exception to Court's Instruction No. 10 on the grounds that the statement 'No inference of guilt or innocence' determines the fact that the defendant fails or refuses.

"Those two are prejudicial to the defendant, your Honor.

"THE COURT: Do you have any case authority for that?

"[Counsel]: No, your Honor. In fact, I believe the case authority has approved that instruction.

"THE COURT: That was the Court's recollection."

Trial counsel's observation was correct. Instruction No. 10 as given was approved in *State v. Salle*, 34 Wn. (2d) 183, 194, 208 P. (2d) 872 (1949), in which the court said:

"Although it was unnecessary to include the word 'innocence' in the instruction, its use was not improper, nor did it inject into the instruction an incorrect statement of law. *Affronti v. United States* (C.C.A. 8), 145 F. (2d) 3; *United States v. Fleenor* (C.C.A. 7), 162 F. (2d) 935.

"In the *Affronti* case, *supra*, the court stated that an instruction containing the phrase 'guilt or innocence' amounted to nothing more than a statement that the defendant was 'neither helped nor hurt by his failure to testify, which was true.' In the *Fleenor* case, *supra*, the court held that an instruction containing that same phrase was correct and that there was no error in giving such instruction."

The preservation of error in the trial court fails to mesh with the assignment of error on appeal. Again assuming arguendo that this appellate procedural deficiency were not present, we find no merit in the assignment of error. It is beyond argument that the instruction states the law as it springs from Art. 1, § 9 of the Washington constitution which provides:

"No person shall be compelled in any criminal case to give evidence against himself . . . ."

Although the court is not required to give such an instruction unless requested (*State v. Zupan*, 155 Wash. 80, 97, 283 Pac. 671 (1929)), we do not believe it prejudicial

error should the instruction be given either on request of the state or on the court's own motion.

The judgment is affirmed.

ROSELLINI, C. J., DONWORTH and FINLEY, JJ., and MacIVER, J. Pro Tem., concur.

---

May 13, 1965. Petition for rehearing denied.