[No. 38044. Department One. February 24, 1966.]

THE STATE OF WASHINGTON, *Respondent*, v. MARTIN ALBERT LAVINE, *Appellant*.*

*Victor V. Hoff* (of *Young & Hoff*), for appellant.

*Charles O. Carroll* and *Ned Olwell*, for respondent.

*Reported in 411 P.2d 436.

BARNETT, J.†—Appellant was charged with and convicted of assault in the second degree: assault with the intent to commit a felony, *i.e.*, rape.

The jury, believing the evidence most favorable to the state, were entitled to find that the facts were as herein related. Appellant was employed as an attendant at Ferncrest Sanitarium, a nursing home located in Seattle. One of the patients at this institution was complainant, a victim of multiple sclerosis and completely bedridden at the age of 35. In the small hours of the morning of April 8, 1964, she was roused from her slumber by appellant, an intruder to her room. Trouserless, and breathing heavily, appellant climbed partly upon complainant and held her arms down. She told him twice to "get out." After the second of these demands, appellant threatened to choke her. A cry for help brought a nurse aide to the scene. She looked in the doorway, noticed "an extra pair of legs hanging out sideways from the bed . . . kind of hairy," and left to summon additional assistance. Appellant chose this moment to take his leave. Several minutes later he was seen coming from his own room, fully dressed, except that his shirt was unbuttoned and that he carried his shoes in his hands. He hurried from the building and drove off in his automobile, not bothering to turn on the headlights.

A complaint was issued against appellant, resulting in his eventual apprehension. At the time of the alleged assault, appellant was serving a life sentence for murder, but had been released on parole. The charge against him in the instant case caused his parole to be suspended. He was arraigned in justice court on June 9, 1964, and, on June 29th, was held to answer in the Superior Court for King County. On July 2d, an information was filed against him charging him with second degree assault, and trial set for September 29th. On September 22d, the case was dismissed under RCW 10.46.010 which requires an accused to be brought to trial within 60 days of the filing of the informa-

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

tion against him. The same day, another information was filed and trial set for October 5, 1964. On that date, a mistrial occurred and the case was again dismissed without prejudice. An amended information was filed on October 6th, and trial set for November 16th. On November 4th, appellant moved to dismiss for want of jurisdiction and for failure to bring his case to trial within a 120-day time limit as specified in RCW 9.98.010 and 020. These motions were denied. The trial was commenced on November 16th, following the same and similar motions by appellant, likewise denied. A jury found him guilty of the offense charged.

Appellant makes several assignments of error. We are immediately confronted with the contention that the superior court was without jurisdiction. Appellant reasons that, since he is already under a life sentence, any other judgment and sentence rendered against him in a later criminal proceeding is ineffectual; that, since the court cannot impose an effective sentence on appellant, there is no "case" before it; that this whole criminal proceeding is therefore moot, and must be dismissed. This rather novel contention is without merit. That an accused is serving a life sentence for another crime does not lead to the conclusion that a subsequent sentence cannot be effective. The accused may be pardoned for his prior crime, or the parole board may not choose to revoke his parole. We hold that the superior court was not without jurisdiction merely because appellant was, at the time of trial, then serving a life sentence for a prior crime.

Appellant next says that his case should have been dismissed with prejudice because of the dictates of RCW 9.98.010 and 020. The first of these statutes provides, in part:

Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of this state, and whenever during the continuance of the term of imprisonment there is pending in this state any untried indictment, information or complaint against the prisoner, he shall be brought to trial within one hundred twenty days after he shall have caused to be delivered to the

prosecuting attorney and the superior court of the county in which the . . . information . . . is pending written notice of the place of his imprisonment and his request for a final disposition to be made of the . . . information . . . .

■ RCW 9.98.020 provides that, if the action is not brought to trial within the specified time, the court thereafter has no jurisdiction and the case must be dismissed. The information upon which appellant was tried and convicted was not "pending" until September 22, 1964. Since the trial commenced on November 16th, there was no 120-day lapse.

It is then argued that, even if the court had the *power* to try the case, it abused its discretion by not dismissing it without prejudice "in furtherance of justice" as permitted by RCW 10.46.090. We hold that the trial court did not abuse its discretion by refusing to dismiss the case.

■ Appellant makes two assignments of error to the effect that there was insufficient evidence to support a conviction of assault with the intent to rape. That he is guilty of an assault is clear from the evidence we have heretofore summarized. But, argues appellant, there is a lack of evidence to show that, at any time during the assault, he harbored the intention to rape the complainant. The evidence, he contends, is equally consistent with some other type of sexual misconduct, such as to persuade complainant to engage in some sort of sexual activity, but to forestall should she not consent. To convict under this charge, the state must not only prove that the accused assaulted his victim, but, while doing so, he harbored the requisite intent. If, at any moment during the assault, the accused intended not only to have sexual intercourse with his victim, but to do so at all events and notwithstanding any resistance she might make, he is guilty of the offense. It is not necessary that the assailant express his intent verbally. A jury can infer from his conduct and from the surrounding circumstances that he intended to achieve his purpose by force and violence and against his victim's consent.

In *Carter v. State*, 35 Ga. 263 (1866), it was held that where the prosecutrix was awakened at an unreasonable

hour of the morning by the accused, who was lying in her bed, holding her by the wrists, and who fled when she called for help, a jury had sufficient evidence to find that the accused intended to commit a rape. Many convictions involving similar circumstances have also been upheld on appeal. *State v. Johnson,* 243 Minn. 296, 67 N.W.2d 639 (1955); *Hunt v. State,* 38 Ala. App. 346, 83 So.2d 256 (1955); *State v. Waters,* 122 Utah 592, 253 P.2d 357 (1953); *People v. Nye,* 38 Cal. 2d 34, 237 P.2d 1 (1951); *People v. Meichtry,* 37 Cal. 2d 385, 231 P.2d 847 (1951); *Patrick v. State,* 70 Ga. App. 530, 29 S.E.2d 103 (1944).

So, in the case at bar, we hold that the jury were entitled to find that appellant, beyond a reasonable doubt, assaulted his victim with the intent to rape her. If the jury believed, as they could from the evidence, that appellant stole into complainant's room as she slept, climbed partly atop her, wearing no trousers, held her hands down, threatened to choke her, desisted only when she called for help, and then fled, then they had sufficient evidence from which to find that appellant intended to have sexual intercourse with her at all events and notwithstanding any resistance on her part.

Appellant's remaining assignments of error are without merit.

Judgment affirmed.

ROSELLINI, C. J., HILL, OTT, and HUNTER, JJ., concur.