[No. 257-1.    Division One—Panel 1.    July 27, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. KENNETH O. EAST, *Appellant*.

*Mark T. Patterson,* for appellant (appointed counsel for appeal).

*Robert E. Schillberg, Prosecuting Attorney,* and *David G. Metcalf, Deputy,* for respondent.

JAMES, C. J.—Kenneth East was charged with the commission of two crimes arising out of a single rash adventure. In count 1 of the information the charge was kidnapping in the first degree. RCW 9.52.010(1). In count 2 the charge was assault in the second degree with intent to commit rape. RCW 9.11.020(6). The jury was instructed that abduction is a lesser included offense in a charge of kidnapping in the first degree. The jury found East guilty of the assault charge and guilty of abduction.

East assigns error to the denial of his challenges to the legal sufficiency of the evidence to support the assault charge. Specifically, he asserts that there was not substantial evidence to support the jury's finding that his intent was to commit rape rather than some other sex offense.

The state's principal witness was the 14-year-old girl whom East allegedly kidnapped and assaulted. East's defense was an alibi.

The girl testified that as she was walking along a street near her home in Seattle at about 5 o'clock on the afternoon of May 15, 1968, she was accosted by a man who pulled up beside her with his car on the wrong side of the road. He offered her a ride, which she refused. He then got out of his car, grabbed her by the arm, and pulled her into the car. She testified that she slid across the front seat expecting to escape, only to find that the inside handles had been removed from the door on the passenger's side. At trial she identified East as her abductor.

The abductor drove to a secluded location on a dead-end road in south Snohomish County. There he made advances toward the girl. Her testimony detailed a frightening ordeal which fortunately terminated when her abductor finally

ceased his aggressions and drove her back to the vicinity of her home at about 8 p.m.

A necessary element of the crime of assault as charged is proof of intent to commit rape. East's argument is that all of the evidence concerning intent was circumstantial and that as such it was insufficient because reasonable theories other than that he intended to commit rape might be inferred from the circumstances. He argues that the evidence of the abductor's intent was consistent with intentions other than rape. In his brief East puts the question, "[D]id [the abductor] assault [the girl] with intent to commit rape—not sodomy, not indecent liberty, not indecent exposure, not carnal knowledge—but rape."

The trial judge properly instructed that if the only evidence concerning an element of the crime charged was circumstantial, the evidence must be consistent with guilt and inconsistent with any reasonable theory of innocence. *State v. Dugger*, 75 Wn.2d 689, 453 P.2d 655 (1969).

An appellate court does not weigh evidence. East's claimed error requires an examination of the record only to determine whether there was substantial evidence to permit the jury reasonably to find that he intended to commit rape. *State v. Dugger, supra; see also State v. Carlson*, 2 Wn. App. 104, 466 P.2d 539 (1970); *State v. Palmer*, 1 Wn. App. 152, 459 P.2d 812 (1969).

The girl testified that her assailant tried to kiss her, tried forcibly to remove her pants, told her he could rape her if he wanted to, and told her it would be easier on her if she would cooperate. In *State v. Marselle*, 43 Wash. 273, 276, 86 P. 586 (1906), the implications of similar conduct were considered:

> There was some testimony, however, to the effect that appellant at one time took hold of the complaining witness and pushed her upon a lounge, accompanied with remarks about improper relations, and which she resisted. We think this evidence was such that the court should not have said that the jury were not entitled to pass upon it for the purpose of determining if the lesser crime of attempting to commit rape had been committed.

As was stated in *State v. LaVine*, 68 Wn.2d 83, 86, 411 P.2d 436 (1966),

> It is not necessary that the assailant express his intent verbally. A jury can infer from his conduct and from the surrounding circumstances that he intended to achieve his purpose by force and violence and against his victim's consent.

We hold that there was substantial evidence to support the jury's finding that East intended to commit rape.

East did not testify in his own defense. He assigns error to the giving of instruction 20:

> You are instructed that under the laws of this state, a defendant is a competent witness in his own behalf, but he may or may not take the witness stand as a witness at his option. No inference of guilt or innocence is to be drawn by you from the fact that the defendant fails or refuses to take the witness stand as a witness in the case.

The instruction was requested by the state, and East's trial counsel (not counsel on appeal) did not except. The state contends that because East failed to call the trial judge's attention to the claimed error, his assignment should not be considered on appeal. Any other policy, the state says, would permit counsel to let the case go to the jury with a built-in error in the event of a guilty verdict.

But the law does not support the state. If an instruction invades a constitutional right of an accused, appellate review is available even if the instruction was not excepted to at trial. *State v. Peterson*, 73 Wn.2d 303, 438 P.2d 183 (1968).

It is East's contention that such an instruction, unless requested by an accused, violates his constitutional right to elect not to testify in his own behalf.[1]

In *State v. Goldstein*, 65 Wn.2d 901, 400 P.2d 368 (1965), *cert. denied*, 382 U.S. 895 (1965), *rehearing denied*, 382 U.S. 1003 (1966), the Washington Supreme Court held that giv-

---

[1]"No person . . . shall be compelled in any criminal case to be a witness against himself, . . ." U.S. Const. amend. 5.

"No person shall be compelled in any criminal case to give evidence against himself, . . ." Const. art. 1, § 9.

ing, over a defendant's exception, an instruction identical to the one given in this case was not prejudicial error. However, 2 months after the decision in *Goldstein*, the important case of *Griffin v. California*, 380 U.S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229 (1965) was decided by the United States Supreme Court.[2] The ruling in *Griffin* is that "the Fifth Amendment, . . . forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." (Footnote omitted.) *Griffin v. California, supra* at 615. East argues that even though instruction 20 properly instructs that guilt is *not* to be inferred from his silence, it nevertheless highlights his silence, and thereby indirectly enables the prosecutor to point out that he did not testify by using words from the court's mouth.[3]

■ The post-*Griffin* cases are not in agreement about whether the Fifth Amendment is violated by instructing, without a defendant's request, that no inference of guilt is to be drawn from the accused's failure to testify. *See* Annot., 18 A.L.R.3d 1335 (1968), which purports to cite "all relevant cases which were decided late enough to be subject to the Griffin rule, even if the court's opinion contains no express reference to the Griffin decision." (Footnote

---

[2]In *Tehan v. United States*, 382 U.S. 406, 15 L. Ed 2d 453, 86 S. Ct. 459, *rehearing denied*, 383 U.S. 931 (1966) the United States Supreme Court held that the Griffin rule was not to be applied to cases in which the judgment of conviction had been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied, all before the date of the *Griffin* decision (April 28, 1965).

The petition for a writ of certiorari in *Goldstein* was denied by the United States Supreme Court subsequent to the decision in *Griffin*.

[3]A statutory provision which became the law of Washington Territory in 1871 and remained the law of the state until its abrogation in 1927, 140 Wash. xxxv, by court rule pursuant to RCW 2.04.190, provided that

[I]t shall be the duty of the court to instruct the jury, that no inference of guilt shall arise against the accused if the accused shall fail or refuse to testify as a witness in his or her own behalf.

Laws of 1871, § 2, p. 105; Laws of 1891, ch. 28, § 69, p. 59; Laws of 1915, ch. 83, § 1, p. 260.

omitted.) Annot., 18 A.L.R.3d 1335 (1968). While we agree with the rationale of those cases which express the opinion that the instruction should not be given unless specifically requested by a defendant, we are satisfied that the giving of the instruction was not prejudicial error in this case. The instruction, though not worded as impartially as it might be,[4] accurately expresses the constitutional protection afforded an accused. We presume that the jury did not disregard the judge's admonition. For as Judge Friendly stated in *United States v. Garguilo,* 310 F.2d 249, 252 (2d Cir. 1962),

> It is far from clear that such an instruction is prejudicial to a defendant; the chances are rather that it is helpful. The jurors have observed the defendant's failure to take the stand; in the absence of instruction, nothing could be more natural than for them to draw an adverse inference from the lack of testimony by the very person who should know the facts best. And "despite the vast accumulation of psychological data, we have not yet attained that certitude about the human mind which would justify . . . a dogmatic assumption that jurors, if properly admonished, neither could nor would heed the instructions of the trial court that the failure of an accused to be a witness in his own cause 'shall not create any presumption against him.'" Bruno v. United States, supra, 308 U.S. at 294, 60 S.Ct. at 200.

We are able to say upon reading the entire record that, the error, if there was one, was harmless beyond a reasonable doubt. *See Chapman v. California,* 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824 (1967); *State v. Johnson,* 1 Wn. App. 553, 463 P.2d 205 (1969); *State v. Prater,* 1 Wn. App. 342, 461 P.2d 357 (1969). Thirty-six years ago Judge Learned Hand observed that

> It is no doubt better if a defendant requests no charge upon the subject, for the trial judge to say nothing about it; but to say that when he does, it is error, carries the doctrine of self-incrimination to an absurdity.

---

[4]The initial statement that the defendant is competent to be a witness in his own behalf immediately and unnecessarily puts the accused in a defensive posture.

*Becher v. United States*, 5 F.2d 45, 49 (2d Cir. 1924).

East assigns error to the overruling of his objection that the cross-examination of his wife went beyond the scope of the direct examination. East's wife testified that on the day in question he returned home from his employment at about 3 p.m. She said that he was driving their 1959 Ford. According to her testimony, East was with her the rest of the day except for a few minutes when he used a public telephone to call her sister and arrange a social outing for that evening. She testified that she and East used the Ford during the afternoon in question to go to inspect an apartment which she had tentatively rented. She further testified that they next drove to several different stores to shop for furniture.

On cross-examination the state asked Mrs. East to describe identifying features of the Ford car. She was also interrogated about negotiations to trade the Ford in on a Buick. Upon objection that the questions were beyond the scope of the direct examination, the trial judge said that inasmuch as the state could later make Mrs. East its own witness, he would permit the cross-examination.

East cites RCW 5.60.060, which provides, "A husband shall not be examined for or against his wife, without the consent of the wife, nor a wife for or against her husband without the consent of the husband; . . ." to support his position that the state could not make Mrs. East its own witness.

An automobile dealer called by the state had placed East alone in the Ford car at the dealer's establishment shortly before the girl claimed she was abducted. The car lot is located near the girl's home. The girl had positively identified East and described the Ford in some detail. On direct examination, Mrs. East stated that she was riding in the car with East at the times critical to the state's case. Our review of the cross-examination of Mrs. East satisfies us that the questioning concerned matters well within the scope of the direct examination, so we do not reach the question of the spousal privilege provided by RCW 5.60.060.

Finally, East assigns error to the giving of instruction 10,[5] which submitted to the jury the charge of abduction as an included offense within the kidnapping charge. The state justifies the giving of the instruction under RCW 10.61.006:

[T]he defendant may be found guilty of an offense the commission of which is necessarily included within that with which he is charged in the indictment or information.

That an accused be clearly informed of the charge against him would seem to be a minimal requirement of any acceptable system of criminal justice. Our constitution so provides:

In criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation against him, to have a copy thereof, . . .

Const. art. 1, § 22 (amendment 10). The prosecution may rely on the included offense statute, RCW 10.61.006, only when *all of the elements* of the included offense are necessary elements of the offense charged. Only then is the accused notified that he may be found guilty of an uncharged offense. *State v. Olds,* 39 Wn.2d 258, 235 P.2d 165 (1951).

---

[5]"Included within the crime of kidnapping in the first degree as charged in Count I of the Information, is the lesser offense of abduction. If you find the defendant is not guilty of the crime of kidnapping in the first degree, as charged in Count I, you must then determine whether he is guilty of abduction.

"To convict the defendant of the crime of abduction, you must be convinced by the evidence beyond a reasonable doubt:

"1. That on or about the 15th day of May, 1968, the defendant, Kenneth O. East, did willfully, unlawfully and feloniously take [the named victim] for the purpose of sexual intercourse.

"2. That [the named victim], on the 15th day of May, 1968, was a female under the age of eighteen (18) years.

"3. That said taking occurred in the county of Snohomish, state of Washington.

"If you find from all the evidence in this case that the State has proved beyond a reasonable doubt each of the foregoing elements of the crime of abduction, then it will be your duty to return a verdict of guilty.

"If you believe that the evidence fails to establish any one of the foregoing elements beyond a reasonable doubt, then it will be your duty to return a verdict of not guilty." Instruction 10.

■ The portion of the abduction statute on which the court instructed is as follows:

Every person who —
(1) Shall take a female under the age of eighteen years for the purpose of . . . sexual intercourse,
. . .
. . .
Shall be guilty of abduction . . .

RCW 9.79.050(1). The essential elements of the crime of abduction are (1) that the victim was taken, (2) that the victim was a female, (3) that she was under 18 years of age, and (4) that she was taken for the purpose of sexual intercourse. It is immediately apparent that only one of these four elements, the taking of the victim, is an element of the crime of kidnapping. The portion of the kidnapping statute upon which East was charged is,

Every person who shall wilfully,
(1) Seize, confine or inveigle another with intent to cause him without authority of law to be secretly confined or imprisoned, . . . shall be guilty of kidnaping in the first degree, . . .

RCW 9.52.010(1). In count 1 East was charged in statutory language as follows:

That he, the said Kenneth O. East, in the county of Snohomish, state of Washington, on or about the 15 day of May, 1968, did wilfully, unlawfully and feloniously seize, confine or inveigle another, to-wit: [the named victim], fourteen (14) years of age, with intent to cause the said [victim], without authority of law, to be secretly confined or imprisoned,

The state points out that, in addition to alleging the taking of the victim, count 1 of the information alleges facts which constitute the second and third elements of abduction: the sex of the victim (by specifying a girl's name) and the age of the victim. As to the fourth element necessary to abduction, the purpose of sexual intercourse, the state points out that count 2 of the information charges assault "with intent to commit rape," and the state ob-

serves that "rape" is "an act of sexual intercourse." The state reasons that

> The fact that defendant was apprised of this particular element in count II charging second degree assault and not in count I charging kidnapping should in no way alter the ruling that abduction could properly be found included within the kidnapping charge.

The answer to the state's position is that the statute does not so provide. The elements of the included offense must be "necessarily included within [the offense] with which he is charged. . . ." RCW 10.61.006. The elements of the included offense must be essential to conviction of the named offense. *State v. Beatty,* 59 Wash. 235, 109 P. 1011 (1910).

Although East might find a description of all of the elements of the crime of abduction by reading counts 1 and 2 together, they were not charged as elements of the crime of kidnapping. East was not put on notice that the state might seek his conviction of the crime of abduction as an included offense under the kidnapping charge. This is the test required by RCW 10.61.006.

Finally, the state argues that the submission of the abduction instruction was proper under the provisions of CrR 101.04W(b), which provides in part,

> An information shall be considered amended to conform to the evidence introduced without objection in support of the crime substantially charged therein, unless the defendant is prejudiced in a substantial right.

A similar contention was disposed of in *State v. Primeau,* 70 Wn.2d 109, 115, 422 P.2d 302 (1966):

> Formerly by our decisions, and now under Rule of Pleading, Practice and Procedure 101.04W, RCW vol. 0, [now designated CrR 101.04W(b)] relating to criminal procedure, an information or complaint will ordinarily be considered amended to conform to evidence introduced without objection if the amendment entails no substantial prejudice to the defendant. But even under this liberal rule for the amendment of pleadings in criminal cases, the evidence must be in proof of a *crime substantially charged.*

In those cases holding the information or complaint so amended to conform to the proof, we note that the charge, standing alone, substantially apprises the accused of the offense charged even though it may have been lacking somewhat in specific allegations of fact or formal allegations may have been omitted. *State v. Link,* 58 Wn.2d 642, 364 P.2d 433 (1961); *State v. Berg,* 49 Wn.2d 86, 298 P.2d 519 (1956); *State v. Johnson,* 32 Wn.2d 268, 201 P.2d 223 (1949). But where, as in *State v. Olds,* 39 Wn.2d 258, 235 P.2d 165 (1951), the information substantially failed to apprise the accused of the nature and cause of the accusation against him, amendment to conform to the proof was disallowed.

As we have already ruled, the information does not substantially charge that East committed the crime of abduction. It therefore cannot be deemed amended by evidence that the crime actually was committed. To consider the information amended to encompass a crime not substantially charged in the information would amount to a violation of East's constitutional right to be apprised of "the nature and cause of the accusation against him, . . ." Const. art. 1, § 22 (amendment 10). *State v. Olds,* 39 Wn.2d 258, 235 P.2d 165 (1951).

We hold that East has never been charged with the crime of abduction. His conviction of abduction is therefore reversed and his sentence pursuant to that conviction vacated. The judgment and sentence for the crime of second-degree assault with intent to commit rape is, however, affirmed. Neither party shall recover costs in this court.

FARRIS and UTTER, JJ., concur.

Petition for rehearing denied September 14, 1970.

Review denied by Supreme Court October 7, 1970.